IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HIGH STANDARD MANUFACTURING | § | CASE NO. 15-33794 |
| COMPANY, INC. | § | |
| | § | |
| Debtor. | § | |

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY PURSUANT
TO 28 U.S.C. § 1746 OF TERREL ROSS IN SUPPORT OF MOTION FOR
ENFORCEMENT OF PLAN OR TO CONVERT TO CHAPTER 7**

1.     My name is Terrel Ross.  I am qualified in all respects to make this Unsworn Declaration.  I am over 18 years of age, of sound mind and am fully competent to give this Unsworn Declaration.  I have personal knowledge of the facts and statements contained in this Unsworn Declaration and every fact and statement set forth in this Unsworn Declaration is true and correct.

2.     I am the Managing Member of TRC Master Fund LLC ("TRC")

3.     On July 16, 2015, High Standard Mfg. Co., Inc. (the "Debtor") filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code and an Order for Relief was entered on that date.

4.     Upon information and belief, DC Machine held an unsecured claim against the Debtor in the amount of $61,992.50 (the "Claim").

5.     The Claim was listed on Schedule F of the Debtor's Bankruptcy Schedules in the amount of $61,992.50. The Claim was not listed as contingent, unliquidated or disputed. The Debtor's Bankruptcy Schedules were filed on the docket of the Debtor's bankruptcy case as document no. 13 on August 6, 2015.  A copy of Schedule F of the Debtor's Bankruptcy Schedules is attached hereto as **Exhibit "A"** and is incorporated herein by reference.

6.      DC Machine assigned the Claim to TRC on February 2, 2016. A copy of the Transfer of Claim Other Than For Security and the Evidence of Transfer of Claim were filed on the docket of the Debtor's bankruptcy case as document no 74 on February 2, 2016. Copies of the Transfer of Claim Other Than For Security and the Evidence of Transfer of Claim are attached hereto as collective **Exhibit "B"** and incorporated herein by reference.

7.      On February 15, 2016, the Debtor filed that certain Debtor's Amended Chapter 11 Plan of Reorganization (the "Plan") on the docket of the Debtor's bankruptcy case as document no. 86. A copy of the Plan is attached hereto as **Exhibit "C"** and is incorporated herein by reference.

8.      The Plan was confirmed by that certain Order Approving Disclosure Statement And Confirming First Amended Chapter 11 Plan of Reorganization which was entered on the docket of the Debtor's bankruptcy case as document no. 112 on March 21, 2016. A copy of such Order is attached hereto as **Exhibit "D"** and is incorporated herein by reference.

9.      Under the Plan, general unsecured claims are Class 4 Claims.

10.     The Plan provides that:

> Class 4 Claims will be paid over 60 months, without interest.
> Distributions shall be on at least a semi-annual basis in an
> amount equal to or greater than 10% of the Allowed Claim.
> Debtor retains the right to prepay any Class 4 Claim without penalty.

11.     TRC received a distribution in November 2016 on account of the Claim. However, TRC has not received any distributions thereafter (such distributions which should have been paid on account of the Claim under the Plan, but have not, the "Unpaid Distributions").

12.     Commencing on January 10, 2018 and thereafter, TRC wrote to the Debtor's counsel advising that TRC had not received any distributions on account of the Claim after

November 2016. A copy of the email chain between TRC and the Debtor's counsel is attached hereto as **Exhibit "E"** and is incorporated herein by reference.

13.      On April 6, 2018, TRC's counsel sent the Debtor's counsel a letter advising of the default under the Plan.  A copy of the letter is attached hereto as **Exhibit "F"** and is incorporated herein by reference.  Pursuant to the Plan, the Debtor then had 14 days after the receipt of the notice of default to (1) cure the alleged default or (2) provide written notice to the party asserting the default that the Debtor disputes the alleged default. To date, TRC has not received the Unpaid Distributions, nor has it received written notice that the Debtor disputes the alleged default. TRC calculates the Unpaid Distributions currently (2 unpaid distributions in 2017 and 1 unpaid distribution in 2018) as at least $18,597.75

14.      TRC respectfully requests that the Court compel the Debtor to pay the Unpaid Distributions to TRC or convert this case to one under Chapter 7 of the Bankruptcy Code and for such other and further relief as the Court deems proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the ꞏꞏ ꞏꞏ day of _____ , 2018.


_____
TERREL ROSS

3

# Exhibit A

B6F (Official Form 6F) (12/07)

In re   **High Standard Manufacturing Company, Inc.**                    Case No.   **15-33794-H1-11**
                                                                              (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #:<br>**3-B Trust**<br>**6517 Mapleridge**<br>**Houston, TX 77081** | | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:<br>**A O Precision Manfacturing**<br>**1870 Mason Ave.**<br>**Daytona Beach, FL 32117** | X | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | X | **$61,103.00** |
| **Representing:**<br>**A O Precision Manfacturing** | | **Peter B. Heebner**<br>**HEEBNER BAGGETT UPCHURCH & GARTH PI**<br>**523 North Halifax Ave.**<br>**Daytona Beach, FL 32118** | | | | **Notice Only** |
| ACCT #:<br>**Advanced Ordnance/AO Precision**<br>**1870 Mason Ave.**<br>**Daytona Beach, FL 32117** | X | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | X | **$198,490.72** |
| ACCT #:<br>**Alan Aronstein**<br>**4720 C Banning Dr.**<br>**Houston, TX 77027** | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | X | **$721.13** |
| ACCT #:<br>**Alan Aronstein, Trustee**<br>**4720 C Banning Dr.**<br>**Houston, TX 77027** | | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only**<br>REMARKS: | | | | **Notice Only** |

Subtotal >    **$260,314.85**

Total >

_____11_____ continuation sheets attached

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.
In re   **High Standard Manufacturing Company, Inc.**

Case No.   **15-33794-H1-11**
(if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: <br> **Alan Aronstein-ICG** <br> **International Consultant Group** <br> **4720 C Banning Dr.** <br> **Houston, TX 77027** | | | DATE INCURRED: <br> CONSIDERATION: <br> REMARKS: | | | x | **$39,000.00** |
| ACCT #: <br> **AP Gas & Electric** <br> **P O Box 660038** <br> **Dallas, TX 75266-0038** | | | DATE INCURRED: <br> CONSIDERATION: <br> **Ste B3 occupied by Alan Aronstein** <br> REMARKS: | | | x | **$884.39** |
| ACCT #: <br> **AP Gas & Electric - Casting** <br> **P O Box 660038** <br> **Dallas, TX 75266-0038** | | | DATE INCURRED: <br> CONSIDERATION: <br> **Termination Fee - HS Casting** <br> REMARKS: | | | x | **$12,404.53** |
| ACCT #: <br> **AP Gas & Electric Energy Solutions** <br> **P. O. Box 660038** <br> **Dallas, TX 75266** | | | DATE INCURRED: <br> CONSIDERATION: <br> **Electric** <br> REMARKS: | | | | **$408.13** |
| ACCT #: <br> **Armscor Precision, Inc.** <br> **150 No. Smart Way** <br> **Pahrump, NV 89060** | | | DATE INCURRED: <br> CONSIDERATION: <br> REMARKS: | | | x | **$8,513.59** |
| ACCT #: <br> **Aronstein Children's Trust** <br> **4720 C Banning Dr.** <br> **Houston, TX 77027** | | | DATE INCURRED: <br> CONSIDERATION: <br> **Notice Only** <br> REMARKS: | | | | **Notice Only** |

Sheet no. __1__ of __11__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal > **$61,210.64**

Total >

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.
In re   **High Standard Manufacturing Company, Inc.**                         Case No.   **15-33794-H1-11**
                                                                                              (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:<br>**Bandel Mfg**<br>**PO Box 39346**<br>**Los Angeles, CA 90039** | | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $2,000.00 |
| ACCT #:<br>**Brent N. Whiteley**<br>**PO Box 421755**<br>**Houston, TX 77242** | | | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:<br>**Cedar Enterprise, Inc.**<br>**1040 5th St.**<br>**Bristol, TN 37620** | | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $7,000.00 |
| ACCT #:<br>**City of Houston-Alarm Permit**<br>**P.O. Box 203887**<br>**Houston, TX 77216** | | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $75.00 |
| ACCT #:<br>**Comerica Bank**<br>**P O Box 790408**<br>**St Louis, MO 63179-0408** | | | DATE INCURRED:<br>CONSIDERATION:<br>**Credit Card**<br>REMARKS: | | | X | $26,030.39 |
| ACCT #:<br>**Curtis Screw Company**<br>**PO Box 7017**<br>**Prospect, CT 06712** | | | DATE INCURRED:<br>CONSIDERATION:<br>**Herrett**<br>REMARKS: | | | X | $3,500.00 |

Sheet no. __2__ of __11__ continuation sheets attached to                                          Subtotal >          $38,605.39
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                                                                     Total >
                              (Use only on last page of the completed Schedule F.)
                     (Report also on Summary of Schedules and, if applicable, on the
                       Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.
In re   **High Standard Manufacturing Company, Inc.**

Case No.   **15-33794-H1-11**
(if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:<br>**Curtis Screw Company**<br>**PO Box 7017**<br>**Prospect, CT  06712** | | | DATE INCURRED:<br>CONSIDERATION:<br>**HSM**<br>REMARKS: | | | | **$750.00** |
| ACCT #:<br>**DataTech Solutions, Inc.**<br>**14918 Hollydale**<br>**Houston, TX  77062** | | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | **$4,000.00** |
| ACCT #:<br>**DC Machine**<br>**202 Thorpe Rd.**<br>**Summerville, SC  29483** | | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | **$61,992.50** |
| ACCT #:<br>**DPH Arms (A/P)**<br>**4438 Kimesville Rd.**<br>**Burlington, NC  27215** | | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS:<br>**Buffer Tubes That Belong To Creditor**<br>**Located In Suite B-3** | | | | **$26,000.00** |
| ACCT #:<br>**Fuqua & Assoc., PC**<br>**5005 Riverway Dr, Suite 250**<br>**Houston, TX 77056** | | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | **Unknown** |
| ACCT #:<br>**Fuqua & Assoc., PC**<br>**5005 Riverway Dr, Suite 250**<br>**Houston, TX 77056** | | | DATE INCURRED:<br>CONSIDERATION:<br>**International Armament**<br>REMARKS: | | | | **$2,065.00** |

Sheet no. ___3___ of ___11___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal >   **$94,807.50**

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.
In re  **High Standard Manufacturing Company, Inc.**                                    Case No.  **15-33794-H1-11**
                                                                                                          (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #:<br>**Fuqua Childrent's Trust**<br>**5005 Riverway, Suite 250**<br>**Houston, TX 77056** | | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:<br>**Galion LLC**<br>**P O Box 71-3269**<br>**Columbus, OH 43271-3269** | X | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | X | **$27,300.48** |
| ACCT #:<br>**George Behrens Estate**<br>**1712 2nd Street**<br>**Houston, TX 77547** | | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:<br>**Gordon Elliott Estate**<br>**c/o Frank Leone, Esq.**<br>**PO Box 280225**<br>**East Hartford, CT 06128-0225** | | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:<br>**Green Mountain Barrel Co**<br>**PO Box 2670 153 W. Main St**<br>**Conway, NH 03818** | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | **$88,462.00** |
| ACCT #:<br>**GreenbergTraurig**<br>**Attn: Grant Cook**<br>**1000 Louisiana, Ste. 1700**<br>**Houston, TX 77002** | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | **$19,807.81** |

Sheet no. ____4____ of ____11____ continuation sheets attached to                     **Subtotal >**          **$135,570.29**
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                                                                  **Total >**
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.
In re **High Standard Manufacturing Company, Inc.**                    Case No. **15-33794-H1-11**
                                                                                    (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: <br> **Gulf Coast Spring Co.** <br> **9125 Spring Branch Dr.** <br> **Houston, TX 77080** | | | DATE INCURRED: <br> CONSIDERATION: <br> REMARKS: | | | | **$1,160.89** |
| ACCT #: <br> **H.T. Miser** <br> **3510 Crosscreek Ct.** <br> **Missouri City, TX 77459** | | | DATE INCURRED: <br> CONSIDERATION: <br> **Notice Only** <br> REMARKS: | | | | **Notice Only** |
| ACCT #: <br> **Hartman Management** <br> **11200 Westheimer Central Ste 110** <br> **Houston, TX 77042** | x | | DATE INCURRED: <br> CONSIDERATION: <br> **Office lease** <br> REMARKS: <br> **Office lease** | | | | **$0.00** |
| ACCT #: <br> **Harvey-Daco** <br> **307 Lake Air Dr. P.O. Box 7155** <br> **Waco, TX 76710** | | | DATE INCURRED: <br> CONSIDERATION: <br> REMARKS: | | | x | **$3,371.07** |
| ACCT #: <br> **Internal Revenue Service** <br> **P O Box 9941 Stop 5300** <br> **Ogden, UT 84409-0941** | | | DATE INCURRED: <br> CONSIDERATION: <br> REMARKS: | | | x | **$7,000.00** |
| ACCT #: <br> **International Armament Corp.** <br> **c/o Charles J. Rogers** <br> **Conley Rose, P.C.** <br> **1001 McKinney, Ste. 1800** <br> **Houston, TX 77002-6421** | | | DATE INCURRED: <br> CONSIDERATION: <br> **Lawsuit** <br> REMARKS: | | | x | **Notice Only** |

Sheet no. ____5____ of ____11____ continuation sheets attached to            **Subtotal >**            **$11,531.96**
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                                            **Total >**
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.
In re   **High Standard Manufacturing Company, Inc.**                    Case No.   **15-33794-H1-11**
                                                                                        (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #:<br>**Ithaca Distribution Inc.**<br>**420 N. Warpole Street**<br>**Upper Sandusky, OH 43351** | | DATE INCURRED:<br>CONSIDERATION:<br>**Settlement agreement**<br>REMARKS: | | | | **$33,000.00** |
| **Representing:**<br>**Ithaca Distribution Inc.** | | **Wallace M. Smith**<br>**Smith, Robertson, Elliott & Douglas, LLP**<br>**221 West Sixth Street, Ste 1100**<br>**Austin, TX 78701** | | | | **Notice Only** |
| ACCT #:<br>**J & T Distributing**<br>**Box 430**<br>**Winchester, KY 40392** | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | **$4,045.00** |
| ACCT #:<br>**J. Dewey Mfg. Co**<br>**PO Box 2016**<br>**Southbury, CT 06488** | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | **X** | **$8,000.00** |
| ACCT #:<br>**J.E. Connors, Jr.**<br>**5005 Riverway, Ste. 250**<br>**Houston, TX 77056** | | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:<br>**Jim Gray**<br>**31 - 9th Lane NE**<br>**Fairfield, MT 59436** | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | **$1,546.44** |

Sheet no. ___**6**___ of ___**11**___ continuation sheets attached to                     Subtotal >          | **$46,591.44** |
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                                                        Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.
In re   **High Standard Manufacturing Company, Inc.**                    Case No.   **15-33794-H1-11**
                                                                                                    (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:<br>**John & Theresa Bettencourt**<br>c/o Sean C. Joanis<br>475 Kilvert Street, Ste. 125<br>Warwick, RI 02886 | | | DATE INCURRED:<br>CONSIDERATION:<br>Lawsuit<br>REMARKS: | | | X | **Unknown** |
| ACCT #:<br>**Joyce & McFarland, LLP**<br>712 Main Street, Ste 1500<br>Houston, TX 77002 | | | DATE INCURRED:<br>CONSIDERATION:<br>Legal fees<br>REMARKS: | | | | **$15,282.09** |
| ACCT #:<br>**Kelly Sturdevant**<br>c/o H. Grady Chandler<br>1919 S Shiloh Rd. Ste 650 LB 39<br>Garland, TX 75042 | | | DATE INCURRED:<br>CONSIDERATION:<br>Lawsuit<br>REMARKS: | | | X | **Unknown** |
| ACCT #:<br>**L3 Communications-EOTech**<br>1201 E Ellsworth<br>Ann Arbor, MI 48108 | | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | **$86,882.51** |
| ACCT #:<br>**Lewis Brisbois Bisgaard & Smith**<br>633 W Fifth St, Suite 4000<br>Los Angeles, CA 90071 | | | DATE INCURRED:<br>CONSIDERATION:<br>Legal fees<br>REMARKS: | | | | **$20,765.99** |
| ACCT #:<br>**Lightnin' Rod's Electrical Service**<br>10002 Glenkirk<br>Houston, TX 77089 | | | DATE INCURRED:<br>CONSIDERATION:<br>B3<br>REMARKS: | | | X | **$2,506.10** |

Sheet no. ____7____ of ____11____ continuation sheets attached to                                    Subtotal >   **$125,436.69**
Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                                                              Total >
                                         (Use only on last page of the completed Schedule F.)
                           (Report also on Summary of Schedules and, if applicable, on the
                               Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.
In re **High Standard Manufacturing Company, Inc.**

Case No. **15-33794-H1-11**
(if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #:<br>**M & A , Inc.**<br>964 Donata Ct.<br>Lake Zurich, IL 60047 | | DATE INCURRED:<br>CONSIDERATION:<br>A/P<br>REMARKS: | | | | $77,688.50 |
| ACCT #:<br>**Medical Center Emergency Physicians**<br>P.O. Box 4590 Dept 06<br>Houston, TX 77210 | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | X | $698.00 |
| ACCT #:<br>**Michael M. Dunson**<br>2806 Eagle Creek Drive<br>Kingwood, TX 77345-1311 | | DATE INCURRED:<br>CONSIDERATION:<br>Notice Only<br>REMARKS: | | | | **Notice Only** |
| ACCT #:<br>**Model 1 Sales**<br>1205 Homer Smith Rd.<br>Whitewright, TX 75491 | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $24,000.00 |
| ACCT #:<br>**MSC Industrial**<br>Dept. CH 0075<br>Palatine, IL 60055 | | DATE INCURRED:<br>CONSIDERATION:<br>Herrett<br>REMARKS: | | | X | $418.47 |
| ACCT #:<br>**Phillip Corwin**<br>c/o Lawrence J. Smith, Esq<br>7408 West Sahara Avenue<br>Las Vegas, NV 89117 | | DATE INCURRED:<br>CONSIDERATION:<br>Lawsuit<br>REMARKS: | | | X | $0.00 |

Sheet no. **8** of **11** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal > $102,804.97

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.
In re **High Standard Manufacturing Company, Inc.**

Case No. **15-33794-H1-11**
(if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #:<br>**Presma, Inc.**<br>**9002 Hyssop Dr.**<br>**Rancho Cucamonga, CA 91730** | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | X | $13,735.00 |
| ACCT #:<br>**Ratcliff Law Offices**<br>**200 West Center St**<br>**Marion, OH 43302** | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $3,340.15 |
| ACCT #:<br>**Robert Dunlap**<br>**c/o Shannon Dunlap Law, PLLC**<br>**500 E. Belknap St.**<br>**Fort Worth, TX 76102** | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | X | $21,500.00 |
| ACCT #:<br>**Robert N. Shea aka Bob Shea**<br>**295 Roast Meat Hill Road**<br>**Killingsworth, CT 06419-2333** | | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only**<br>REMARKS: | | | | **Notice Only** |
| ACCT #:<br>**Ronan**<br>**P.O. Box 697**<br>**West Simsbury, CT 06092** | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $81,500.00 |
| ACCT #:<br>**Russ Goodwin**<br>**4674 North Lariat Drive**<br>**Castle Rock, CO 80108** | | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only**<br>REMARKS: | | | | **Notice Only** |

Sheet no. __9__ of __11__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal > $120,075.15

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.
In re   **High Standard Manufacturing Company, Inc.**                          Case No.   **15-33794-H1-11**
                                                                                                    (if known)

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:<br>**Scott Aronstein(A/P)**<br>**2511 Reba Dr**<br>**Houston, TX 77019** | | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $1,212.73 |
| ACCT #:<br>**Streetman, James**<br>**18063 Garden Manor Dr.**<br>**Houston, TX 77084** | | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $4,950.00 |
| ACCT #:<br>**TMRI Inc StormLake**<br>**5900 Highway 321**<br>**North Lenoir City, TN 37771** | | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $1,000.00 |
| ACCT #:<br>**Troy Industries, Inc.**<br>**151 A Capital Dr.**<br>**West Springfield, MA 01089** | | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $1,250.00 |
| ACCT #:<br>**Tube Products, Inc.**<br>**P.O. Box 419**<br>**Newark, TX 76071** | | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $7,792.00 |
| ACCT #:<br>**USA Ammo**<br>**2852 Antoine**<br>**Houston, TX 77092** | | | DATE INCURRED:<br>CONSIDERATION:<br>**Notice Only**<br>REMARKS: | | | X | **Unknown** |

Sheet no. ___**10**___ of ___**11**___ continuation sheets attached to                    Subtotal >                    $16,204.73
Schedule of Creditors Holding Unsecured Nonpriority Claims

Total >

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.
In re **High Standard Manufacturing Company, Inc.**

Case No. **15-33794-H1-11**

(if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:<br>**Zero Ammunition Company SE**<br>**1601 22nd St SE P.O. Box 1188**<br>**Cullman, AL 35056** | | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | $750.00 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Sheet no. __11__ of __11__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal >    $750.00

Total >    $1,013,903.61

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

# Exhibit B

# UNITED STATES BANKRUPTCY COURT

## Southern District of Texas

In re: <u>High Standard Manufacturing Company, Inc.</u>  Case No. <u>15-33794</u>

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).
Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(1), Fed. R. Bankr. P., of the
transfer, other than for security, of the claim referenced in this evidence and notice.

<u>TRC MASTER FUND LLC</u>
Name of Transferee

Name and Address where notices to transferee
should be sent:

TRC MASTER FUND LLC
Attn: Terrel Ross
PO Box 633
Woodmere, NY 11598

Phone:  516-255-1801
Last four digits of Acct#:  N/A

Name and address where transferee payments
should be sent (if different from above):

Phone:  N/A
Last four digits of Acct#:  N/A

<u>DC Machine</u>
Name of Transferor

Court Claim # (if known):  N/A
Amount of Claim:  USD$61,992.50
Date Claim Filed: N/A

Phone: (843) 821-7882
Last four digits of Acct.#:  N/A

Name and Current Address of Transferor:

DC Machine
202 Thorpe Rd.
Summerville, SC 29483

I declare under penalty of perjury that the information provided in this notice is true and correct to the
best of my knowledge and belief.

By:  /s/Terrel Ross                              Date: February 2 , 2016
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## EVIDENCE OF TRANSFER OF CLAIM

### Exhibit A to Assignment of Claim

TO:     United States Bankruptcy Court ("Bankruptcy Court")
        Southern District of Texas
        Attention: Clerk

AND TO: High Standard Manufacturing Company, Inc. (Debtor)
          Case No. 15-33794

Claim # N/A

**DC Machine**, its successors and assigns ("Assignor"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby unconditionally and irrevocably sell, transfer and assign unto:

TRC MASTER FUND LLC
PO Box 633
Woodmere, NY 11598
Attention: Terrel Ross

its successors and assigns ("Assignee"), all of Assignor's rights, title, interest, claims and causes of action in and to, or arising under or in connection with its Claim in the amount of USD$61,992.50 ("Claim"), as listed in the Debtor's Schedule F against the Debtor in the Bankruptcy Court, or any other court with jurisdiction over the bankruptcy proceedings of the Debtor.

Assignor hereby waives any objection to the transfer of the Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be prescribed by rule 3001 of the federal Rules of Bankruptcy procedure, the Bankruptcy code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring the Claim and recognizing the Assignee as the sole owners and holders of the Claim.

Assignor further directs each Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claim, and all payments or distributions of money or property in respect of the Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, THIS EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS __Z8__ DAY OF ____January____, 2016.

ASSIGNOR: DC Machine                         ASSIGNEE: TRC MASTER FUND LLC

_____B.Plaisance_____                      _____
(Signature)                                  (Signature)

_____Brian Plaisance_____                  _____Terrel Ross_____
(Print Name)                                (Print Name)

_____Owner_____                     Managing Member
(Title)                                   (Title)

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 20 of 77
Case 15-33794   Document 74   Filed in TXSB on 02/02/16   Page 3 of 3
Case 15-33794   Document 13   Filed in TXSB on 08/06/15   Page 18 of 30

B6F (Official Form 6F) (12/07) – Cont.

In re   **High Standard Manufacturing Company, Inc.**

Case No.   **15-33794-H1-11**
(if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ACCT #:<br>**Curtis Screw Company**<br>**PO Box 7017**<br>**Prospect, CT  06712** | | DATE INCURRED:<br>CONSIDERATION:<br>**HSM**<br>REMARKS: | | | | **$750.00** |
| ACCT #:<br>**DataTech Solutions, Inc.**<br>**14918 Hollydale**<br>**Houston, TX 77062** | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | **$4,000.00** |
| ACCT #:<br>**DC Machine**<br>**202 Thorpe Rd.**<br>**Summerville, SC  29483** | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | **$61,992.50** |
| ACCT #:<br>**DPH Arms (A/P)**<br>**4438 Kimesville Rd.**<br>**Burlington, NC  27215** | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS:<br>**Buffer Tubes That Belong To Creditor**<br>**Located In Suite B-3** | | | | **$26,000.00** |
| ACCT #:<br>**Fuqua & Assoc., PC**<br>**5005 Riverway Dr, Suite 250**<br>**Houston, TX 77056** | | DATE INCURRED:<br>CONSIDERATION:<br>REMARKS: | | | | **Unknown** |
| ACCT #:<br>**Fuqua & Assoc., PC**<br>**5005 Riverway Dr, Suite 250**<br>**Houston, TX 77056** | | DATE INCURRED:<br>CONSIDERATION:<br>**International Armament**<br>REMARKS: | | | | **$2,065.00** |

Sheet no. ____3____ of ____11____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal >   **$94,807.50**

Total >

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

# Exhibit C

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| High Standard Mfg. Co., Inc. | § | **CASE NO. 15-33794** |
| | § | **(Chapter 11)** |
| | § | |
| **DEBTOR** | § | |

## DEBTOR'S AMENDED CHAPTER 11 PLAN OF REORGANIZATION

**WALKER & PATTERSON, P.C.**
Johnie Patterson
P.O. Box 61301
Houston, TX 77208
713.956.5577
713.956.5570 fax
jjp@walkerandpatterson.com
*Counsel For Debtor*

Plan

Exhibit "1"

1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **High Standard Mfg. Co., Inc.** | § | **CASE NO. 15-33794** |
| | § | **(Chapter 11)** |
| | § | |
| **DEBTOR** | § | |

## DEBTOR'S AMENDED CHAPTER 11 PLAN OF REORGANIZATION

High Standard Manufacturing Co., Inc., Debtor and Debtor-in-Possession (**"Debtor"**)

proposes the following Plan of Reorganization (the "Plan") pursuant to the provisions of Chapter

11 of the Bankruptcy Code, 11 U.S.C. Sections 1101 et seq.:

**ALL HOLDERS OF CLAIMS OR EQUITY INTERESTS ENTITLED TO VOTE ON THIS PLAN ARE ENCOURAGED TO READ THIS PLAN AND THE DISCLOSURE STATEMENT CAREFULLY AND IN THEIR ENTIRETY BEFORE VOTING ON THIS PLAN.**

I   <u>DEFINITIONS</u>

The following terms, when used in the Plan, shall unless the context otherwise requires,

have the following meanings:

1.01   <u>Administrative Claim</u>: Any cost or expense of administration of this Debtor in this Chapter 11 Case incurred on or before the Effective Date entitled to priority under § 507(a)(2) and allowed under § 503(b) of the Bankruptcy Code, including without limitation, any actual and necessary expenses of preserving this Debtor's estate, including wages, salaries or commissions for services rendered after the commencement of the Chapter 11 Case, certain taxes, fines and penalties, any actual and necessary post-petition expenses of operating this Debtor's business, certain postpetition indebtedness or obligations incurred by or assessed against the Debtor in connection with the conduct of its business, or for the acquisition or lease of property, or for providing services to this Debtor, including all allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under the Bankruptcy Code, and any fees or charges assessed against this Debtor's estate under chapter 123, title 28, United States Code. With respect to Administrative Claims, there shall be an Administrative Claim against the Debtor only to the extent of and only after the entry of a Final Order approving such Administrative Claim following the filing of a motion or application prior to the Administrative Claim Bar Date.

1.02   <u>Administrative Claim Bar Date</u>: The last day to file an application for allowance

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 24 of 77
Case 15-33794   Document 112   Filed in TXSB on 03/21/16   Page 7 of 25

Case 15-33794   Document 86   Filed in TXSB on 02/15/16   Page 3 of 21

of an Administrative Claim (other than quarterly U.S. Trustee fees), which shall be 60 days after the Effective Date, unless otherwise established by a Final Order.

    1.03    Allowed Amount: The amount of an Allowed Claim.

    1.04    Allowed Claim: Any Claim (a) which has been scheduled by the Debtor pursuant to Bankruptcy Rule 1007 and (i) is not scheduled as disputed, contingent or unliquidated, (ii) as to which no Proof of Claim has been filed, and (iii) as to which no objection to such scheduled Claim has been filed; (b) as to which a timely Proof of Claim has been filed as of the Bar Date and no objection thereto has been made; or (c) that has been allowed by a Final Order.

    1.05    Allowed Secured Claim: A Secured Claim of a creditor to the extent such Claim is an Allowed Claim, and the Lien securing such Claim has been specifically preserved in this Plan.

    1.06    Avoidance Action: Any and all rights, claims and causes of action arising under §§ 506(c), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552(b), 553 or 724 of the Bankruptcy Code or similar rights, and claims and causes of action under applicable state law.

    1.07    Bankruptcy Code: Title 11 of the United States Code, as in effect on the Confirmation Date.

    1.08    Bankruptcy Court: The unit of the United States District Court for the Southern District of Texas, Houston Division, having jurisdiction over this Chapter 11 Case, or in the event such Court ceases to exercise jurisdiction over this Chapter 11 Case, such court or adjunct thereof that exercises jurisdiction over this Chapter 11 Case in lieu of the United States Bankruptcy Court for the Southern District of Texas, Houston Division, and any appellate or other court that is competent to exercise jurisdiction over the confirmation of this Plan.

    1.09    Bankruptcy Rules: The Federal Rules of Bankruptcy Procedure, as amended, and the Bankruptcy Local Rules for the Southern District of Texas, as applicable to this Chapter 11 Case, each as in effect on the date of the event described herein.

    1.10    Bar Date: November 18, 2015.

    1.11    Cause Of Action: Any Claim or cause of action, legal or equitable, now owned or hereafter acquired by the Debtor, whether arising under contract or tort, federal or state law, including but not limited to Avoidance Actions, whether commenced prior or subsequent to the Petition Date. ·

    1.12    Chapter 11 Case: Case No. 15-33794-H1-11 filed under Chapter 11 of the Bankruptcy Code by the Debtor and pending before the Bankruptcy Court.

    1.13    Claim: Any (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

    1.14    Claimant: A person asserting a Claim against the Debtor, its property, or the Estate.

Case 15-33794 Document 165 Filed in TXSB on 04/24/18 Page 25 of 77
Case 15-33794 Document 112 Filed in TXSB on 03/21/16 Page 8 of 25

Case 15-33794 Document 86 Filed in TXSB on 02/15/16 Page 4 of 21

1.15    Collateral: Any property or interest in property of the Estate subject to a Lien that is preserved in this Plan and that is not subject to avoidance under the Bankruptcy Code or otherwise invalid under the Bankruptcy Code or applicable state law.

1.16    Confirmation Date: The date upon which the Bankruptcy Court enters the Confirmation Order.

1.17    Confirmation Hearing: The hearing to be conducted by the Bankruptcy Court to determine whether to approve the Plan.

1.18    Confirmation Order: The Order of the Bankruptcy Court approving and confirming the Plan in accordance with the provisions of chapter 11 of the Bankruptcy Code.

1.19    Creditor: Any person that holds a Claim against the Debtor that arose or is deemed to have arisen on or before the Petition Date, including an Allowed Claim against the Debtor's Estate of a kind specified in §§ 502(g), 502(h) or 502(i) of the Bankruptcy Code.

1.20    Cure Costs: The amount necessary to cure all defaults under any executory contract or any unexpired lease to which the Debtor is a party and to compensate the non-debtor party for any actual pecuniary loss resulting from such defaults in order to assume and assign the executory contract or unexpired lease under §§ 365(a) and 365(f) of the Bankruptcy Code.

1.21    Debtor: High Standard Manufacturing Co., Inc.

1.22    Debtor in Possession: The Debtor in its capacity as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

1.23    Deficiency Claim: The amount by which an Allowed Secured Claim exceeds the value of any Collateral securing such Claim as may be determined by the Bankruptcy Court in accordance with § 506(a) of the Bankruptcy Code. A Deficiency Claim is a General Unsecured Claim.

1.24    Disclosure Statement: The Disclosure Statement with respect to this Plan, including all exhibits and schedules thereto, filed by the Debtor and approved by the Court pursuant to § 1125 of the Bankruptcy Code, as may be amended or supplemented.

1.25    Disputed Claim: A Claim against the Debtor as to which an objection has been filed on or before the deadline for objecting to a Claim and which objection has not been withdrawn, settled or otherwise resolved by Final Order.

1.26    Disputed Claims Reserve: A reserve to be held in trust for the benefit of holders of Disputed Claims in accordance with the provisions of the Plan.

1.27    Distribution: The Cash and other property required by the Plan to be distributed to the holders of Allowed Claims and Allowed Interests.

1.28    Distribution Date: The date, occurring as soon as practicable after the Effective Date, on which distributions are made pursuant to the terms of the Plan to Holders of Allowed Administrative Claims; provided, however, that should such Allowed Administrative Claims be

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 26 of 77
Case 15-33794   Document 112   Filed in TXSB on 03/21/16   Page 9 of 25

Case 15-33794   Document 86   Filed in TXSB on 02/15/16   Page 5 of 21

paid in the ordinary course of business, the Distribution Date shall be the date such Allowed Administrative Claim becomes payable under the terms of any contract or agreement or applicable non-bankruptcy law.

1.29    Effective Date:    The first Business Day after (a) the date the Confirmation Order becomes a Final Order; and (b) all conditions specified in Article 13 hereof have been satisfied or waived.

1.30    Equity Interest or Interest:    The meaning ascribed to "equity security" in § 101(16) of the Bankruptcy Code.

1.31    Equity Interest Holder or Interest Holder:    The meaning ascribed to "equity security holder" in § 101(17) of the Bankruptcy Code.

1.32    Estate:    The estate created upon the filing by the Debtor of this Chapter 11 Case pursuant to § 541 of the Bankruptcy Code, together with all rights, claims and interests pertaining thereto.

1.33    Final Order:    An order or judgment which has not been reversed, vacated or stayed and as to which (a) the time to appeal, petition for *certiorari* or move for new trial, reargument or rehearing has expired and to which no appeal, petition for *certiorari* or other proceedings for a new trial, re-argument or rehearing shall then be pending, or (b) if an appeal, writ of *certiorari*, new trial, re-argument or rehearing thereof has been sought, such order or judgment of the Bankruptcy Court shall have been affirmed by the highest court to which such order was appealed, or *certiorari* shall have been denied or a new trial, re-argument or rehearing shall have been denied or resulted in no modification of such order, and the time to take any further appeal, petition for *certiorari* or move for a new trial, re-argument or rehearing shall have expired.

1.34    General Unsecured Claim:    A Claim other than a Secured Claim, an Administrative Claim, a Priority Claim, or a Subordinated Claim.

1.35    Lien:    A charge against or interest in property to secure payment of a debt or performance of an obligation which has not been avoided or invalidated under any provision of the Bankruptcy Code or other applicable law.

1.36    Person:    An individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated association or organization, a governmental unit (as that term is defined in the Bankruptcy Code) or any agency or subdivision thereof or any other entity.

1.37    Petition Date:    July 16, 2015, the date on which the Debtor filed the voluntary chapter 11 petition commencing this Chapter 11 Case.

1.38    Plan:    This Chapter 11 Plan of Reorganization, as it may be amended or modified from time to time.

1.39    Plan Ballot:    The form of ballot that the Debtor will transmit to Creditors and Interest Holders who are, or may be, entitled to vote on the Plan.

1.40    Plan Documents:    Any and all documents contemplated to be executed in

Case 15-33794 Document 165 Filed in TXSB on 04/24/18 Page 27 of 77
Case 15-33794 Document 112 Filed in TXSB on 03/21/16 Page 10 of 25

Case 15-33794 Document 86 Filed in TXSB on 02/15/16 Page 6 of 21

connection with this Plan.

1.41    Priority Claim: Any Claim to the extent entitled to priority in payment under §
507(a) of the Bankruptcy Code.

1.42    Priority Non-Tax Claim: Any Claim (other than an Administrative Claim or a
Priority Tax Claim) to the extent entitled to priority in payment under § 507(a) of the Bankruptcy
Code including, but not limited to, (a) Claims of an employee of the Debtor for wages, salaries, or
commissions, including vacation, severance or sick leave pay, earned within one hundred and
eighty (180) days prior to the Petition Date (to the extent of $12,475 per employee) as set forth in §
507(a)(4) of the Bankruptcy Code; (b) Claims for contribution to an employee benefit plan as set
forth in § 507(a)(5) of the Bankruptcy Code; (c) Claims for deposits of up to $2,775 placed by
individuals with the Debtor as set forth in § 507(a)(7) of the Bankruptcy Code; (d) Claims based
upon any commitment by the Debtor to a Federal depository institutions regulatory agency to
maintain the capital of an insured depository institution as set forth in § 507(a)(9); and (e) Claims
for death or personal injury resulting from the operation of a motor vehicle or vessel if such
operation was unlawful because the Debtor were intoxicated from using alcohol, a drug or another
substance as set forth in § 507(a)(10).

1.43    Priority Tax Claim: Any Claim entitled to priority in payment under § 507(a)(8)
of the Bankruptcy Code. A Claim based upon an assessed *ad valorem* tax that is secured by a
statutory lien on property that was administered during this Chapter 11 Case is a Secured Claim to
the extent of the value of the property administered. Otherwise, such Claim is a General
Unsecured Claim.

1.44    Pro-Rata: The proportion that the dollar amount of an Allowed Claim or Allowed
Interest in a Class bears to the aggregate amount of all Allowed Claims or Allowed Interests in
such Class.

1.45    Professional Fee Claims: Administrative Claims for Professional Fees from the
Petition Date through the Effective Date, as well as fees, expenses and other reimbursable costs
incurred after the Effective Date.

1.46    Professional Fees: All fees, costs and expenses incurred in this Chapter 11 Case
related to the Debtor by any professional person (within the meaning of §§ 327, 328 or 1103 of the
Bankruptcy Code or otherwise) and awarded by Final Order of the Bankruptcy Court pursuant to
§§ 330 or 503(b) or any other provision of the Bankruptcy Code and any professional fees, costs
and expenses which have been allowed by Final Order of the Bankruptcy Court.

1.47    Professionals: Any Court-approved professional Person, including lawyers,
accountants, financial advisors, investment bankers and restructuring advisors, employed by the
Debtor or any Committee in this Chapter 11 Case at any time before the Effective Date.

1.48    *Reorganized Debtor: As of the Effective Date of the Plan, the Debtor as*
reorganized under the terms of this Plan.

1.49    Rights of Action: Includes (a) any avoidance, recovery, subordination or other
action of the Debtor, the Estate or the Reorganized Debtor, (b) any Cause of Action of the Debtor,
the Estate or the Reorganized Debtor, (c) any objection or other challenge to a Claim, and (d) any
objection or other challenge to an Interest.

Case 15-33794  Document 165  Filed in TXSB on 04/24/18  Page 28 of 77
Case 15-33794  Document 112  Filed in TXSB on 03/21/16  Page 11 of 25

Case 15-33794  Document 86  Filed in TXSB on 02/15/16  Page 7 of 21

1.50    Schedules:  The Debtor's Schedules of Assets and Liabilities, as may be amended or supplemented, and filed with the Bankruptcy Court in accordance with § 521(a)(1) of the Bankruptcy Code.

1.51    Secured Claim:  A Claim to the extent of the value, as may be determined by the Bankruptcy Court pursuant to § 506(a) of the Bankruptcy Code, of any interest in property of the Debtor's Estate securing such Claim, or any Claim to the extent that it is subject to setoff under § 553 of the Bankruptcy Code. To the extent that the value of such interest is less than the amount of the Claim which has the benefit of such security, such Claim is a Deficiency Claim.

1.52    Unsecured Claim:  A Claim not secured by a charge, mortgage or lien against or interest in property of the Estate, including but not limited to any Deficiency Claim and any claim for damages resulting from the rejection of an executory contract or lease.

## 2    CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    All Claims and Interests against the Debtor of whatever nature, whether or not scheduled, liquidated or unliquidated, absolute or contingent, including all Claims arising from transactions of the Debtor or rejection of executory contracts and/or unexpired leases and all Interests arising from the ownership of the Debtor, whether resulting in an Allowed Claim or not, shall be bound by the provisions of this Plan.  The Claims and Interests are hereby classified as follows

2.02    In accordance with § 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims have not been classified and thus are excluded from the Classes of Claims and Interests.

> 2.02.01        Allowed Administrative Claims arising under 11 U.S.C. § 503(b) will be paid in Cash and in full by the Reorganized Debtor on the later of (a) the Effective Date, (b) the date on which such Administrative Claim becomes an Allowed Claim; or (c) such other date as the Reorganized Debtor and the holder of the Allowed Administrative Claim shall agree.

> 2.02.02        Allowed Priority Tax Claims against the Debtor will be paid in Cash by the Reorganized Debtor on the later of (a) the Distribution Date; (b) the date on which such Priority Tax Claim becomes an Allowed Claim; or (c) such other date as the Reorganized Debtor and the holder of the Allowed Priority Tax Claim shall agree.

2.03    Claims against the Debtor are classified as follows:

> 2.03.01        **Class 1 - Secured Personal Property Tax Claims** .  Class 1 is comprised of all Secured Personal Property Tax Claims.   Class 1 is impaired.

> 2.03.02        **Class 2 - Secured Claim Of Green Bank.** Class 2 is comprised of the Secured Claim of Green Bank (the "Secured Debt").   Class 2 is impaired.

> 2.03.03        **Class 3 – Administrative Convenience Class.**   Class 3 is

Case 15-33794  Document 165  Filed in TXSB on 04/24/18  Page 29 of 77
Case 15-33794  Document 112  Filed in TXSB on 03/21/16  Page 12 of 25

Case 15-33794  Document 86  Filed in TXSB on 02/15/16  Page 8 of 21

comprised of unsecured claims less than or equal to $1,000.00. Claims included in Class 4 may elect to reduce their claim to $1,000.00 and be treated as a Class 3 claim if done so in writing before the Effective Date. Class 3 is impaired.

2.03.04     **Class 4 – General Unsecured Class.** Class 4 is comprised of unsecured claims. Class 4 is impaired.

2.03.05     **Class 5 – Equity Interests.** Class 5 is comprised of the equity/ownership interest in the Debtor. Class 5 is unimpaired.

## 3     IMPLEMENTATION OF THE PLAN

3.01  On the Effective Date, all Property of the Estate shall revest in the Reorganized Debtor free and clear of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. § 363(f) and 11 U.S.C. § 1123(a)(5) to the maximum extent allowed by law.

3.02  Continuation of Operations. From and after the Effective Date, the Reorganized Debtor is authorized to take such actions as are necessary to continue all operations it deems necessary.

3.03  Continued Corporate Existence:  From and after the Effective Date, the Reorganized Debtor shall continue to exist in accordance with the applicable laws of the State of Texas and its Articles of Incorporation.

3.04  General Powers of the Reorganized Debtor: The Reorganized Debtor shall have all of the rights, powers and privileges set forth in this Plan, the Confirmation Order and applicable law. The Reorganized Debtor is authorized and shall have the obligation to take all such actions as in its judgment are necessary and appropriate to effectuate the purposes of the Plan, including but not limited to the following:

3.04.01     Make all Distributions contemplated under the Plan.

3.04.02     Consistent with maintaining the value of the Reorganized Debtor's assets and operate its business in a lawful manner as it deems appropriate;

3.04.03     Administer the resolution, settlement and payment of Claims and Equity Interests and the distributions to the holders of Allowed Claims and Allowed Equity Interests in accordance with this Plan;

3.04.04     Enter into any agreement required by or consistent with the Plan and perform all of the obligations required of the Reorganized Debtor under this Plan;

3.04.05     Abandon any of the assets of the Reorganized Debtor if the Reorganized Debtor concludes that such assets are of no benefit to the Creditors or Interest Holders;

3.04.06     Participate in or initiate any proceeding before the Bankruptcy Court or any other court of appropriate jurisdiction and participate as a party or otherwise in any administrative, arbitrative or other non-judicial proceeding and

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 30 of 77
Case 15-33794   Document 112   Filed in TXSB on 03/21/16   Page 13 of 25

Case 15-33794   Document 86   Filed in TXSB on 02/15/16   Page 9 of 21

litigate claims, including without limitation all state and federal causes of action or any other litigation which constitutes an asset of the Estate/Reorganized Debtor and pursue to settlement or judgment such actions;

3.04.07     Participate as a party-in-interest in any proceeding before the United States Bankruptcy Court involving this Chapter 11 Case;

3.04.08     Take actions and exercise remedies against any entity that owes money to the Debtor/Estate/Reorganized Debtor, including without limitation, the remedies available under any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document; make compromises regarding any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document; and, declare or waive defaults regarding any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document;

3.04.09     Select and employ such professionals, agents or employees as the Reorganized Debtor deems necessary to assist in the administration of the affairs of the Reorganized Debtor and compensate such persons;

3.04.10     Hold any unclaimed distribution or payment to the holder of an Allowed Claim in accordance with this Plan;

3.04.11     Propose any amendment, modification or supplement to this Plan or the Reorganized Debtor's governance documents;

3.04.12     Receive, conserve and manage the assets of the Reorganized Debtor and sell, pursuant to 11 U.S.C. § 363(f), 11 U.S.C. § 1123(a)(5) and this Plan, or otherwise dispose of such assets for a price and upon such terms and conditions as the Reorganized Debtor deems most beneficial to the Creditors and Interest Holders and execute such deeds, bills of sale, assignments and other instruments in connection therewith;

3.04.13     Open and maintain bank accounts;

3.04.14     Pay all taxes, make all tax withholdings and file tax returns and tax information returns and make tax elections;

3.04.15     Pay all lawful expenses, debts, charges and liabilities of the Reorganized Debtor;

3.04.16     Enforce all provisions of this Plan;

3.04.17     Protect, perfect and defend the title to any of the assets of the Reorganized Debtor and enforce any bonds, mortgages or other obligations or liens owned by the Reorganized Debtor;

3.04.18     Carry insurance coverage in such types and amounts as the Reorganized Debtor deems advisable;

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 31 of 77
Case 15-33794   Document 112   Filed in TXSB on 03/21/16   Page 14 of 25

Case 15-33794   Document 86   Filed in TXSB on 02/15/16   Page 10 of 21

3.04.19      Establish such reserves for taxes, assessments and other expenses of the Reorganized Debtor (including without limitation the Disputed Claims Reserve) as may be necessary and appropriate for the proper operation of matters incident to the affairs of the reorganized Debtor and its obligations under this Plan; and

3.04.20      Exercise such other powers and duties as are necessary or appropriate in the Reorganized Debtor's discretion to accomplish the purposes of this Plan.

## 4      SPECIFICATION OF ALL CLAIMS IMPAIRED AND NOT IMPAIRED UNDER THE PLAN

4.01      Impaired Classes: Only holders of Claims and Equity Interests that are in impaired Classes may vote on this proposed Plan.  The following Classes of Claims and Equity Interests are impaired under this Plan:

| | |
|---|---|
| 4.01.01 | Class 1 - Secured Personal Property Tax Claims |
| 4.01.02 | Class 2 - Secured Claim of Green Bank (the "Secured Debt"). |
| 4.01.03 | Class 3 – Administrative Convenience Class |
| 4.01.04 | Class 4 – General Unsecured Class |

4.02      Unimpaired Classes:  Holders of Claims and Equity Interests that are unimpaired Classes are deemed to have accepted the Plan and are not entitled to vote on this proposed Plan. The following Classes of Claims are not impaired under this Plan:

4.02.01      Class 5 - Equity Interests

## 5      SPECIFIC TREATMENT OF CLAIMS

5.01      All Claims, whether specifically listed in this Plan or not, are subject to objection by the Reorganized Debtor as provided in this Plan.

5.02      Class 1 - Secured Personal Property Taxes.

5.02.01      Class 1 is impaired, and is entitled to vote.

5.02.02      All Secured Property Tax Claims will be paid in full on or before July 1, 2016, and shall accrue interest as provided by applicable law.  Claims in Class 1 retain their statutory rights and liens until paid.  Debtor reserves the right to prepay any Class 1 Claim without penalty.

5.03      Class 2 - Secured Claim of Green Bank.

5.03.01      Class 2 is impaired, and is entitled to vote.

5.03.02      The Secured Debt shall be deemed cured, financially and non-financially of all pre-confirmation defaults, at Confirmation, with the principal

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 32 of 77
Case 15-33794   Document 112   Filed in TXSB on 03/21/16   Page 15 of 25

Case 15-33794   Document 86   Filed in TXSB on 02/15/16   Page 11 of 21

balance of $500,000.00 and accrued interest/costs of $1,375.00 (collectively the "Amount Owed") paid as follows:

   (a)   The Secured Debt will be deemed cured of all financial and non-financial defaults as of the Confirmation Date and the instruments evidencing the Secured Debt will be modified, including the deletion of prepayment penalties and reporting obligations other than as provided in the Plan.  For purposes of plan analysis and distribution estimates, it is assumed the Effective Date will be April 1, 2016.  Green Bank will be paid $50,000.00 on 30th day following the Effective Date, with the remaining balance of $451,375.00 amortized over 48 months at 4.25%  The monthly principal and interest payments under the amortization will be paid monthly, in arrears, beginning on the first of the month, following the passage of the first full month after the Effective Date.  (For example, if the Effective Date March 12, 2016, interest will begin to accrue on April 1, 2016, and the first monthly payment of principal and interest will be due May 1, 2016). The Secured Debt will retain all prepetition security interests.    All inconsistent provisions in the debt instruments will be null and void.  Debtor will reserve the right to prepay any Class 2 Claim without penalty.

   (b)   Payments will be applied first to accrued interest, second to principal, and third to accrued costs or fees.

   (c)   No default interest shall be assessed.

   (d)   Insecurity clauses shall not be enforceable.

   (e)   All defaults and notices shall be governed by the terms contained in the Confirmed Plan.

   (f)   All Lending Base requirements, including the amount of qualified receivables required to support outstanding principal shall be suspended for 12 months following the Effective Date.

   (g)   Notice of default and presentment are not waived by the Debtor.

   (h)   All reporting requirements are governed by the Plan.

   (i)   All provisions in the loan documents that are inconsistent or are in conflict with the terms of the Plan are null and void.

5.03.03   All other Claims are disallowed.

5.03.04   The Reorganized Debtor may prepay the Secured Debt in full without penalty at any time after the Effective Date.

5.04   Class 3 – Administrative Convenience Class

5.04.01   Class 3 is impaired, and is entitled to vote.

5.04.02   Class 3 claimants consist of unsecured claims less than or equal to $1,000.00.   Claims included in Class 4 may elect to reduce their claim to

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 33 of 77
Case 15-33794   Document 112   Filed in TXSB on 03/21/16   Page 16 of 25

Case 15-33794   Document 86   Filed in TXSB on 02/15/16   Page 12 of 21

$1,000.00 and be treated as a Class 3 claim if done so in writing before the Effective Date.  Class 3 Claims will be paid in full, without interest, on or before the 180th day following the Effective Date.

5.05    Class 4 – General Unsecured Class

5.05.01    Class 4 is impaired, and is entitled to vote.

5.05.02    Class 4 Claims will be paid over 60 months, without interest. Distributions shall be on at least a semi-annual basis in an amount equal to or greater than 10.00% of the Allowed Claim.  Debtor retains the right to prepay any Class 4 Claim without penalty.

5.06    Class 5 – Equity Interests

5.07.01    Class 5 is unimpaired, and is not entitled to vote.

5.07.02    Equity/Ownership interest in the Debtor shall not be affected by the confirmation of the Debtor's Plan.

## 6    CLAIM/INTEREST OBJECTION PROCEDURES, TREATMENT OF DISPUTED CLAIMS/INTERESTS AND PROCEDURE FOR ASSERTING CLAIMS

6.01    Objection Process.  The Reorganized Debtor shall have the sole right to object to the allowance of any Claims or Equity Interests provided for under the Plan. The Reorganized Debtor shall have the sole authority to compromise, settle or otherwise resolve objections without approval of the Bankruptcy Court. Unless otherwise ordered by the Bankruptcy Court, the Reorganized Debtor shall file and serve all objections to Claims and Equity Interests no later than (i) 75 days after the later of (a) the Effective Date; or (b) the date on which a proof of claim, proof of interest or request for payment is filed with the Bankruptcy Court or (ii) such other date as may be approved by the Bankruptcy Court after notice and hearing.

6.02    Filing of Claims and Causes of Action. The Reorganized Debtor shall have the exclusive right to file and prosecute any Claims and Causes of Action, including all derivative Causes of Action.  The Reorganized Debtor shall have the authority to compromise, settle or otherwise resolve all Claims and Causes of Action without approval of the Bankruptcy Court.

6.03    Disputed Claims Reserve. A Disputed Claims Reserve may be established by the Reorganized Debtor for the treatment of Disputed Claims.  The Disputed Claims Reserve shall be held in a separate bank account from all other funds held by the Reorganized Debtor.  If created, the Reorganized Debtor shall deposit into a Disputed Claims Reserve an amount equal to the Pro Rata share of the Distribution allocable to such Disputed Claims, in accordance with the distribution scheme contemplated in the Plan, as if such Claims and/or Equity Interests were Allowed Claims or Equity Interests.  Amounts deposited into the Disputed Claims Reserve shall be held in trust for the benefit of the holders of Disputed Claims pending a determination of their entitlement thereto under the terms of the Plan.  Once such Disputed Claim is determined by Final Order or settlement to be an Allowed Claim, the Reorganized Debtor is authorized to pay the

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 34 of 77
Case 15-33794   Document 112   Filed in TXSB on 03/21/16   Page 17 of 25

Case 15-33794   Document 86   Filed in TXSB on 02/15/16   Page 13 of 21

Allowed Amount of such Claim without further approval from or notice to any person or entity.

6.04    Distributions to Holders of Disputed Claims. Within 10 Business Days after such time as a Disputed Claim becomes an Allowed Claim or Equity Interest, but in no event earlier than the initial payment dates established under the Plan, any Distributions reserved for such Allowed Claim or Equity Interest shall be released from the Disputed Claims Reserve and delivered to the holder of such Allowed Claim or Equity Interest in an amount proportionate to the Allowed Amount of any such Claim or Equity Interest. In the event that the Disputed Claim is disallowed in whole or in part, or otherwise settled in amount less than the Disputed Claim amount, the disallowed or reduced portion of such Claim or Equity Interest shall be distributed from the Disputed Claim Reserve to holders of Allowed Claims or Equity Interests on the next scheduled payment date established under the Plan without further approval from or notice to any person or entity.

6.05    Disallowance of Late Filed Proofs of Claim. Except as otherwise provided in the Plan, any proof of claim filed by the holder of such Claim after the Bar Date is hereby disallowed and forever barred.

6.06    Provisions Governing Distributions.

6.06.01    Record Date for Claims. For purposes of Distributions to holders of Allowed Claims, the Reorganized Debtor shall rely on the claims docket maintained by the Clerk for proofs of claim filed in this Chapter 11 Case for this Debtor, except to the extent a notice of transfer of Claim or Interest has been filed with the Court prior to the record date pursuant to Bankruptcy Rule 3001.

6.06.02    Delivery of Distributions to Holders of Allowed Claims. Subject to Bankruptcy Rule 9010, Distributions to holders of Allowed Claims will be made at the address of each such holder as set forth on the proofs of claim filed by such holders, or at the last known address of such holder if no proof of claim is filed, unless the holder of the Allowed Claim has otherwise notified the Reorganized Debtor in writing of a change of address. The Reorganized Debtor may, but shall not be required to make any Distribution of less than $25.00.

6.06.03    Delivery of Distributions to Holders of Allowed Equity Interests. Distributions to holders of Allowed Equity Interests, to the extent they are entitled to distributions under the Plan, will be made at the address of the registered holder of each such Equity Interest as set forth in the Debtor's records. If any holder's distribution is returned as undeliverable, no further distributions to such holder will be made unless and until the Reorganized Debtor is notified in writing of such holder's then current address.

6.06.04    Uncashed Checks. Checks issued in respect of Allowed Claims and/or Equity Interests will be null and void if not negotiated within ninety (90) days after the date of issuance thereof. Distributions with respect to such un-negotiated checks will revert to the Reorganized Debtor and the remaining Claim or Equity Interest of any holder with respect to such Distribution will be discharged and forever barred.

## 7   EXECUTORY CONTRACTS AND UNEXPIRED LEASES

7.01   Assumption of Executory Contracts and Unexpired Leases.   All disclosed executory contracts are assumed.

## 8   ACCEPTANCE OR REJECTION OF THE PLAN

8.01   Voting.   All creditors who are impaired under the Plan are entitled to vote to accept or reject the Plan.

8.02   Acceptance By Class.   A class shall have accepted the Plan if the Plan is accepted by at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Allowed Claims or Equity Interests of such class that have voted to accept or reject the Plan.

8.03   Reservation of Cramdown Rights.   In the event that any impaired class shall fail to accept this Plan in accordance with § 1129(a) of the Bankruptcy Code, the Filing Creditor reserves the right to request the Bankruptcy Court to confirm the Plan in accordance with the provisions of § 1129(b) of the Bankruptcy Code.

## 9   EFFECT OF CONFIRMATION

9.01   Legally Binding Effect.   The provisions of this Plan shall bind all Creditors and Interest Holders, whether or not they accept this Plan.  **On and after the Effective Date, all holders of Claims and Equity Interests shall be precluded and enjoined from asserting any Claim (i) against the Debtor, the Reorganized Debtor, its successors, or its assets and properties based on any transaction or other activity of any kind that occurred prior to the Confirmation Date except as permitted under the Plan; and (ii) that is a derivative claim, including claims against third parties asserting alter ego claims, fraudulent transfer claims or any other type of successor liability.**

9.02   Injunction. The entry of the Confirmation Order will operate as a general resolution with prejudice, as of the Effective Date, of all pending legal proceedings, if any, against the Debtor, the Reorganized Debtor and their assets and properties and any proceedings not yet instituted against the Debtor, the Reorganized Debtor or their assets and properties, except as otherwise provided in the Plan.   Except as otherwise expressly provided in the Plan or the Confirmation Order, all Persons who have held, hold, or may hold Claims against the Debtor or its assets and properties are permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any action or other proceeding of any kind against the Debtor or the Reorganized Debtor, or their assets and properties, with respect to any such Claim, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order with respect to any such Claim against the Debtor or the Reorganized Debtor, or their assets and properties, (c) creating, perfecting, or enforcing any encumbrance of any kind against the Debtor or the Reorganized Debtor, or their assets and properties, with respect

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 36 of 77
Case 15-33794   Document 112   Filed in TXSB on 03/21/16   Page 19 of 25

Case 15-33794   Document 86   Filed in TXSB on 02/15/16   Page 15 of 21

to such Claim, (d) asserting any right of subrogation of any kind against any obligation due to the Debtor or the Reorganized Debtor, or the property of the Debtor, the Estate or the Reorganized Debtor with respect to any such Claim and (e) asserting any right of setoff or recoupment against the Debtor, the Estate or the Reorganized Debtor except as specifically permitted by § 553 of the Bankruptcy Code. Unless otherwise provided in the Plan or by order of the Bankruptcy Court, all injunctions or automatic stays provided for in this case pursuant to §§ 105, 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date will remain in full force and effect until the Effective Date. All Allowed Claims, and Claims allowed by the Court after objection, shall be valid, binding and conclusive claims against the Debtor, not subject to any further review, adjustment, allowance or disallowance by any Court.

9.03   Discharge.   In addition to the foregoing section and pursuant to § 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or the Confirmation Order, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of all Claims, Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtor or any of its assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees/representatives of the Debtor prior to the Effective Date or that arise from a termination of employment or a termination of any employee or retiree benefit program, regardless of whether such termination occurred prior to or after the Effective Date, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in §§ 502(g), 502(h), or 502(i) of the Bankruptcy Code, in this Chapter 11 Case whether or not: (a) a Proof of Claim or Interest based upon such debt, right, Claim, or Interest is Filed or deemed Filed pursuant to § 501 of the Bankruptcy Code; (b) a Claim or Interest based upon such Claim, debt, right, or Interest is Allowed pursuant to § 502 of the Bankruptcy Code; or (c) the Holder of such a Claim or Interest has accepted the Plan. Subject to the terms of the Plan and the Confirmation Order, any default by the Debtor with respect to any Claim or Interest that existed immediately prior to or on account of the filing of this Chapter 11 Case shall be deemed satisfied on the Effective Date. Subject to the terms of the Plan, the Confirmation Order shall be a judicial determination of discharge of all liabilities of the Debtor, its Estate, the Reorganized Debtor and all successors thereto. As provided in § 524 of the Bankruptcy Code, subject to the terms of the Plan, such discharge shall void any judgment against the Debtor, its Estate, the Reorganized Debtor or any successors thereto at any time obtained to the extent it relates to a Claim or Interest discharged, and operates as an injunction against the prosecution of any action against the Reorganized Debtor or its property and assets to the extent it relates to a discharged Claim or Interest.

9.04   Continuation of Anti-Discrimination Provisions of Bankruptcy Code.   A Governmental Unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, or discriminate with respect to such a grant against, the Debtor, the Reorganized Debtor, or another Person with whom the Debtor has been or is associated or affiliated, solely because of the commencement, continuation, or termination of the case or because of any provision of the Plan or the legal effect of the Plan, and the Confirmation Order will constitute an express injunction against any such discriminatory treatment by a Governmental Unit. Moreover, a Governmental Unit may not deny, revoke,

Case 15-33794 Document 165 Filed in TXSB on 04/24/18 Page 37 of 77
Case 15-33794 Document 112 Filed in TXSB on 03/21/16 Page 20 of 25

Case 15-33794 Document 86 Filed in TXSB on 02/15/16 Page 16 of 21

suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to the Debtor or the Reorganized Debtor based upon any requirement that the Debtor or the Reorganized Debtor place a bond or other surety obligation with such governmental unit as a condition of receipt of such a license, permit, charter, franchise, or other similar grant to the Debtor or the Reorganized Debtor. All licenses, permits, charters, franchises, or other similar grants to the Debtor are hereby transferred and assigned on the Effective Date (which transfer and assignment is without the assumption of any liabilities arising prior to the Effective Date which liabilities arise out of such license, permit, charter, franchise or similar grant) to the Reorganized Debtor without the need for further application or approval by any Governmental Unit.

9.05    Preservation of Claims and Rights.    Confirmation of this Plan effects no settlement, compromise, waiver or release of any Claim, Cause of Action, Right of Action or claim for relief unless this Plan or the Confirmation Order specifically and unambiguously so provides. The non-disclosure or non-discussion of any particular Claim, Cause of Action, Right of Action or claim for relief is not and shall not be construed as a settlement, compromise, waiver, or release of any such Claim, Cause of Action, Right of Action or claim for relief.

9.06    **The Reorganized Debtor reserves any and all claims and rights against any and all insiders and third parties, whether such claims and rights arose before, on or after the Petition Date, the Confirmation Date, the Effective Date, the Record Date and/or any Distribution date, including, without limitation, any and all Causes of Action, Rights of Action and/or claims for relief that the Debtor or the Reorganized Debtor may have against (i) any insurer and/or insurance policies in which either the Debtor and/or their current or former personnel have an insurable or other interest in or right to make a claim against, any other of the Debtor's insurers; (ii) any recipient of a transfer identified in the Debtor's statements of financial affairs, including any amendments thereto, filed in this Chapter 11 Case, or; (iii) the secured lender on the Debtors Property, and its servicers, for their prepetition acts/omissions.  The entry of the Confirmation Order shall not constitute *res judicata* or otherwise bar, estop or inhibit any actions by the Reorganized Debtor relating to any claims, Causes of Action or Rights of Action referred to in this Article, or otherwise. The Reorganized Debtor shall constitute the representative of the Estate for purposes of retaining, asserting and/or enforcing Rights of Action under § 1123(b)(3)(B) of the Bankruptcy Code.  On the Effective Date, the Reorganized Debtor shall be substituted as a party of record in all pending litigation brought by or against the Debtor without need for further order of the Bankruptcy Court.**

## 10    RETENTION OF JURISDICTION

10.01    Exclusive Bankruptcy Court Jurisdiction.    The Court shall retain and have exclusive jurisdiction over this Chapter 11 Case to the maximum extent provided by law for the following purposes following the Confirmation Date:

        10.01.01    To determine any and all objections to the allowance and classification of Claims or Interests;

        10.01.02    To determine the validity and priority of any Lien;

        10.01.03    To determine the Allowed Amount of any Claim, whether secured or unsecured;

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 38 of 77
Case 15-33794   Document 112   Filed in TXSB on 03/21/16   Page 21 of 25

Case 15-33794   Document 86   Filed in TXSB on 02/15/16   Page 17 of 21

10.01.04     To allow any and all applications for allowances of compensation and reimbursement of expenses payable from the estate;

10.01.05     To determine any and all applications or motions pending before the Court on the Effective Date of the Plan, including without limitation any motions for the rejection, assumption or assumption and assignment of any executory contract or unexpired lease;

10.01.06     To consider and approve any modification of this Plan, remedy any defect or omission or reconcile any inconsistency in the Plan, or any order of the Court, including the Confirmation Order;

10.01.07     To hear and determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of this Plan, the Confirmation Order, any transactions or payments contemplated hereby or any agreement, instrument or other document governing or related to any of the foregoing;

10.01.08     To consider and act on the compromise and settlement of any claim or cause of action by or against the Debtor;

10.01.09     To issue orders in aid of execution and implementation of this Plan and the Confirmation Order, to the extent authorized by 11 U.S.C. § 1142 or provided by the terms of this Plan; and

10.01.10     To hear and determine matters concerning federal, state or local taxes in accordance with §§ 346, 505 or 1146 of the Bankruptcy Code.

10.02  Limitation on Jurisdiction.   In no event shall the provisions of this Plan be deemed to confer in the Bankruptcy Court jurisdiction greater than that established by the provisions of 28 U.S.C. §§ 157 and 1334.

## 11     NOTICE PROVISIONS

11.01  Notices.   All notices, requests, elections or demands in connection with this Plan, including any change of address of any Creditor or Interest Holder for the purposes of receiving Distributions under this Plan and to avoid forfeiting the same pursuant to this Plan, shall be in writing and shall be delivered personally, by facsimile, overnight courier or first class mail.   Such notice shall be deemed to have been given when received or, if mailed by first class mail, five (5) Business Days after the date of mailing, or if by overnight courier, the next Business Day following the date of mailing. Notices required to be sent to the following parties under this Plan shall be addressed to:

11.01.01      *To The Reorganized Debtor:*
              *Johnie Patterson,*
              WALKER & PATTERSON,
              P.C., P.O. Box 61301,
              Houston, TX 77208 -61301

Case 15-33794  Document 165  Filed in TXSB on 04/24/18  Page 39 of 77
Case 15-33794  Document 112  Filed in TXSB on 03/21/16  Page 22 of 25

Case 15-33794  Document 86  Filed in TXSB on 02/15/16  Page 18 of 21

713.956.5577/713.956.5570 fax

11.01.02    Any asserted default by the Debtor under the terms of this Plan shall be provided to the Debtor, in writing, pursuant to the Notice Provisions of the Plan. After receipt of any notice of default, the Debtor shall have fourteen (14) days to (1) cure the alleged default, or; (2) provide written notice to the party asserting the default that the Debtor disputes the alleged default. If the parties are unable to informally resolve the disagreement, the bankruptcy court for the Southern District of Texas shall have exclusive jurisdiction to determine the existence or non-existence of a default under this Plan.

## 12    COMPROMISE AND SETTLEMENTS

12.01  Effect of Confirmation Order.  Pursuant to Bankruptcy Rule 9019, and in consideration for the classification, distribution and other benefits provided under the Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims, Interests and controversies resolved pursuant to the Plan, including, without limitation, all Claims arising prior to the Effective Date, whether known or unknown, foreseen or unforeseen, asserted or unasserted, arising out of, relating to or in connection with the business or affairs of, or transactions with, the Debtor.  The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of each of the foregoing compromises or settlements, and all other compromises and settlements provided for in the Plan, and the Bankruptcy Court's findings shall constitute its determination that such compromises and settlements are in the best interests of the Debtor, the Estate, Creditors and other parties in interest, and are fair, equitable and within the range of reasonableness.

## 13    MISCELLANEOUS PROVISIONS

13.01  Bar Date for Administrative Claims.  No Administrative Claim, other than United States Trustee fees will be paid unless the holder of such Administrative Claim has filed an application for payment of such Administrative Claim on or before the Administrative Claim Bar Date.  Upon the filing of any application for payment, the entity seeking payment of an Administrative Claim shall provide notice by United States Mail in accordance with the Bankruptcy Rules.  Any Administrative Claim, other than United States Trustee fees, not filed in accordance with this section shall be barred and the Debtor and the Reorganized Debtor shall have no liability for payment of any such Administrative Claim.

13.02  Objections to Administrative Claims.  Objections to Applications for payment of Administrative Claims may be filed by any party in interest.  In order to be considered, such objections must be filed on or before the 21st day following the date on which the application was filed.  Any objections will be determined by the Bankruptcy Court.

13.03  Payment of Professional Fees.  Each holder of a Professional Fee Claim shall be paid in respect of such Professional Fee Claim in Cash, in full, on the Effective Date, or, if such Claim has not been approved by the Bankruptcy Court on or before the Effective Date, promptly after Bankruptcy Court approval of the Professional Fee Claim by a Final Order.  Final fee applications for any Professional Fee Claim that has not been approved as of the Effective Date shall be filed within seventy-five (75) days of the Effective Date, or such other time as may be extended by the Court, and such applications and objections thereto (if any) shall be filed in

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 40 of 77
Case 15-33794   Document 112   Filed in TXSB on 03/21/16   Page 23 of 25

Case 15-33794   Document 86   Filed in TXSB on 02/15/16   Page 19 of 21

accordance with and comply in all respects with the Bankruptcy Code, the Bankruptcy Rules, and the applicable local rules. The failure to file an application by the foregoing deadline shall constitute a waiver of all such Professional Fee Claim.

13.04    Payment of United States Trustee Fees.    The Reorganized Debtor shall be responsible for timely payment of United States Trustee quarterly fees incurred pursuant to 28 U.S.C. § 1930(a)(6). Any fees due as of the date of confirmation of the plan will be paid in full on the effective date of the plan. After confirmation, the Reorganized Debtor shall pay United States Trustee quarterly fees as they accrue until this case is closed by the Court and shall file with this Bankruptcy Court a financial report for each quarter, or portion thereof, that this chapter 11 case remains open in a format prescribed by the United States Trustee.

13.05   Satisfaction of Liabilities.   The rights afforded in the Plan and the treatment of all Claims and Interests herein shall be in exchange for and in complete satisfaction and release of all Claims and Interests of any nature whatsoever against the Debtor or its Estate, assets, properties, or interests in property. Neither the Debtor nor the Reorganized Debtor shall be responsible for any pre-Effective Date obligations of the Debtor.

13.06   Compliance with Tax Requirements.   In connection with each distribution with respect to which the filing of an information return (such as an Internal Revenue Service Form 1099 or 1042) or withholding is required, the Reorganized Debtor shall file such information return with the Internal Revenue Service and provide any required statements in connection therewith to the recipients of such distribution or effect any such withholding and deposit all moneys so withheld as required by law. With respect to any Person from whom a tax identification number, certified tax identification number or other tax information required by law to avoid withholding has not been received by the Reorganized Debtor within thirty (30) days from the date of such request, the Reorganized Debtor may, at its option, withhold the amount required and distribute the balance to such Person or decline to make such distribution until the information is received.

13.07   Amendment of the Plan.   This Plan may be amended or modified by the Debtor before, or by the Reorganized Debtor after the Effective Date, as provided in § 1127 of the Bankruptcy Code. The Plan may not be modified after Substantial Consummation.

13.08   Timing of Distributions.   When a provision of this Plan requires that a payment or distribution shall be made on a certain date, such payment may be made (i) at any time prior to the date on which such payment is due; (ii) in more frequent intervals than set forth in such provision of the Plan; or (iii) not more than 14 days after the date any such payment is due. Notwithstanding the foregoing and unless specifically set forth to the contrary in this Plan, no payment shall be considered late or otherwise result in a default unless the Reorganized Debtor has failed to make the payment after the passage of 30 days following the receipt by the Reorganized Debtor of a written notice advising that a payment has not been received in accordance with the times set forth in this paragraph.

13.09   Filing of Documents in Public Records.   Pursuant to § 1146 of the Bankruptcy Code, the issuance, transfer or exchange of a security or the making of an instrument of transfer under this Plan (including without limitation the filing of any mortgage, deed of trust, security agreement, uniform commercial code financing statement or other similar document) shall not be

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 41 of 77
Case 15-33794   Document 112   Filed in TXSB on 03/21/16   Page 24 of 25

Case 15-33794   Document 86   Filed in TXSB on 02/15/16   Page 20 of 21

taxed under any law imposing a stamp tax or similar tax.  All state or local governmental officials or agents are hereby directed to forego the collection of any such tax or governmental assessment and to accept for Filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

13.10  Right to Seek Further Orders.  The Reorganized Debtor, if and to the extent necessary, will seek such orders, judgments, injunctions, regulatory approvals, and rulings that may be required to carry out and further the intentions and purposes, and give full effect to the provisions, of the Plan.

13.11  Withdrawal of Plan.  The Debtor reserves the right to withdraw this Plan at any time prior to the Confirmation Date.  If the Debtor withdraws this Plan prior to the Confirmation Date, or if the Confirmation Date or the Effective Date does not occur, then this Plan shall be deemed null and void.  In such event, nothing contained herein shall be deemed to constitute an admission, waiver or release of any Claims by or against the Debtor.

13.12  Due Authorization by Creditors.  Each and every Creditor who elects to participate in the Distributions provided for herein (i) warrants that it is authorized to accept in consideration of its Claim against the Debtor the Distributions provided for in this Plan; (ii) states that there are no outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by it under this Plan; and (iii) indemnifies and holds harmless the Reorganized Debtor and their professionals and representatives with respect to such Distributions.

13.13  Filing of Additional Documentation.  On or before the Effective Date, the Debtor may file with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.

13.14  Implementation.  The Debtor and the Reorganized Debtor shall be authorized to perform all reasonable, necessary and authorized acts to consummate the terms and conditions of the Plan.

13.15  Substantial Consummation.  On the Effective Date, the Plan shall be deemed to be substantially consummated under Bankruptcy Code §§ 1101 and 1127(b).

13.16  Dates.  The provisions of Bankruptcy Rule 9006 shall govern the calculation of any dates or deadlines referenced in the Plan.

13.17  Governing Law.  Except to the extent that the Bankruptcy Code or Bankruptcy Rules are applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Texas, without giving effect to any conflicts of law principles.

13.18  Conflict.  Except as otherwise provided in the Plan, to the extent the Confirmation Order and/or this Plan are inconsistent with the Disclosure Statement, any other agreement entered into between the Debtor and any third party, the Plan controls, subject only to the Confirmation Order.

13.19  Severability.  The provisions of this Plan shall not be severable unless such

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 42 of 77
Case 15-33794   Document 112   Filed in TXSB on 03/21/16   Page 25 of 25

Case 15-33794   Document 86   Filed in TXSB on 02/15/16   Page 21 of 21

severance is agreed to by the Debtor and such severance would constitute a permissible modification pursuant to 11 U.S.C. § 1127.

13.20  Setoffs.   The Reorganized Debtor may, but shall not be required to, set off against any Claims and the payments or Distributions to be made pursuant to the Plan in respect of such Claims, any and all debts, liabilities and claims of every kind, type and nature whatsoever that the Estate or the Reorganized Debtor may have against the Holder of any Claim, but neither the failure to do so nor the Allowance of any such Claims, whether pursuant to the Plan or otherwise, shall constitute a waiver or release by the Reorganized Debtor of any such claims it may have against the Holder of such Claim, and all such claims shall be reserved for and retained by the Reorganized Debtor.

13.21  Further Action.   Nothing contained in the Plan shall prevent the Reorganized Debtor from taking such actions as may be necessary to consummate the Plan, even though such actions may not specifically be provided for within the Plan.

DATED: February 15, 2016

    /s/ Stan Chapman
High Standard Manufacturing Co., Inc.
By:  Stan Chapman
Its: Vice President Administration

# Exhibit D



## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| High Standard Manufacturing | § | CASE NO.   15-33794-H1-11 |
| DEBTOR | § | |
| | § | |

## ORDER APPROVING DISCLOSURE STATEMENT AND CONFIRMING
## FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION

The Debtor's Amended Disclosure Statement was conditionally approved on February 8, 2016 (Docket #80).

The Debtor's First Amended Plan under chapter 11 of the Bankruptcy Code filed by High Standard Manufacturing Co., Inc., together with the conditionally approved Disclosure Statement having been transmitted to creditors and equity security holders, and

It having been determined after hearing on notice that the Disclosure Statement contains adequate information, and the requirements for confirmation set forth in 11 U.S.C. § 1129(a) have been satisfied; it is

**ORDERED** that:

1) The Amended Disclosure Statement is approved;

2) Pursuant to Bankruptcy Code § 1129, the Plan, a copy of which is attached hereto as Exhibit 1, is hereby CONFIRMED. Each of the objections to the Plan not otherwise withdrawn, resolved or otherwise disposed of, is OVERRULED and denied. All withdrawn objections are deemed withdrawn with prejudice;

3) Notwithstanding any otherwise applicable law and subject to the occurrence of the Effective Date, the terms of the Plan (including the exhibits thereto and referenced herein, and all documents and agreements executed pursuant to the Plan) and the Confirmation Order shall be binding upon the Debtors, and all holders of Claims against and interests in the Debtor, whether or not Impaired under the Plan, any other party-in-interest, any Person or Entity making an appearance in this Bankruptcy Case, High Standard Firearms, Ltd., and each of the foregoing Person's respective heirs, successors, assigns, trustees, executors, administrators, Affiliates, officers, directors, managers, members, partners, agents, representatives, attorneys, beneficiaries or guardians. To the extent that any provisions of the Confirmation Order may be inconsistent with the terms of the Plan, the terms of the Confirmation Order shall control;

4) High Standard Firearms, Ltd., shall be bound, and agrees to be jointly and severally liable with the Reorganized Debtor for the funding requirements proposed in the Plan;

5) Pursuant to Bankruptcy Code §§ 105(a) and 1142, the Bankruptcy Court shall retain jurisdiction over any matter arising under the Bankruptcy Code or arising in or related to the Bankruptcy Case or the Plan;

6) The treatment and classification of all Claims and Equity Interests as provided in the Plan is hereby approved;

7) The holder of any Administrative Claim or claim pursuant to 506(b) must file with the Bankruptcy Court, and serve on the Reorganized Debtor, and its counsel, any request for payment of such claim no later than sixty (60) days after the Effective Date. Such request must include at a minimum (a) the name of the holder of the Claim, (b) the amount of the Claim, and (c) the basis of the Claim (including applicable documentation). A claim properly filed pursuant to the Plan and this Order shall become an Allowed Claim if no objection is filed within twenty one (21) days after the request is filed.

8) The Reorganized Debtor is authorized and directed to pay all Administrative Claims Allowed by order of the Bankruptcy Court, notwithstanding any appeal or motion for reconsideration of such order, unless a court of competent jurisdiction has issued a stay pending appeal or reconsideration of such order.

9) The Reorganized Debtor is authorized and directed to pay any fees of the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) due as of the date of confirmation of the Plan in full on the Effective Date. After confirmation, the Reorganized Debtor shall pay United States Trustee quarterly fees as they accrue until this case is closed by the Bankruptcy Court.

10) The provisions of the Confirmation Order, the Plan, and any and all transactions and settlements approved therein hereby are valid, binding and enforceable notwithstanding any otherwise applicable non-bankruptcy law pursuant to Bankruptcy Code §§ 1123(a), 1141(a) and 1142.

11) Upon the entry of the Confirmation Order, the Reorganized Debtor is authorized to take or cause to be taken all corporate actions necessary or appropriate to implement all provisions of, and to consummate, the Plan and to execute, enter into, or otherwise make effective all documents arising in connection therewith (as they may be amended or modified as contemplated or permitted by the Plan). All such actions taken or caused to be taken are hereby authorized and approved by the Bankruptcy Court such that no further approval, act or action need to be taken under any applicable law, order, rule or regulation.

12) The Reorganized Debtor shall exist after the Effective Date in accordance with the applicable law in the applicable jurisdiction in which the Debtor was formed under its certificate of organization and organizational documents, as applicable, in effect before the Effective Date.

13) Except as otherwise provided in the Plan and this Confirmation Order, all causes of action shall be retained for the benefit of the Reorganized Debtor and its Estate as set forth in the Plan. The Reorganized Debtor shall have and retain the sole full power, authority and standing to commence, pursue, prosecute, enforce, compromise, or settle such causes of action.

14) Pursuant to the terms and provisions of the Plan, the Reorganized Debtor and/or High Standard Firearms, Ltd. shall make the required Distributions specified under the Plan and this Confirmation Order, and the Reorganized Debtor shall have all powers, rights, duties and protections afforded the under the Plan.

15) All of the settlements and compromises contained in the Plan meet the applicable standards under Bankruptcy Code § 1123(b)(3) and Bankruptcy Rule 9019 for approval and implementation and are hereby approved.

16) The entry of the Confirmation Order will operate as a general resolution with prejudice, as of the Effective Date, of all pending legal proceedings against the Debtor and its assets and properties, and any proceedings not yet instituted against the Debtors or their assets and properties, except as otherwise provided in the Plan.

17) The stay in effect in the Bankruptcy Case pursuant to Bankruptcy Code § 362(a) shall continue to be in effect until the Effective Date, and at that time shall be dissolved and of no further force or effect, subject to the injunctions set forth in the Confirmation Order, the Plan and/or Bankruptcy Code §§ 524 and 1141.

18) The Plan, its provisions and this Confirmation Order shall be binding upon the Reorganized Debtor and any Creditor or any Equity Interest holder, whether or not the Claim or interest of such Creditor or Equity Interest holder is impaired under the Plan and whether or not such Creditor or Equity Interest holder has accepted the Plan.

19) Nothing in the Plan or the Confirmation Order is intended to affect or modify the right of any party-in-interest under Bankruptcy Code § 502(a) to object to a Claim or interest. Nothing in the Plan or the Confirmation Order is intended to affect or modify the rights of any party under Bankruptcy Code § 502(j).

20) All time periods set forth in this Confirmation Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

21) The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on the validity, binding effect, or enforceability of such provision, and such provision shall have the same validity, binding effect, and enforceability as every other provision of the Plan.

22) If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Bankruptcy Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtor's receipt of written notice of any such order, nor shall such reversal, modification or vacatur of this Confirmation Order affect the validity or enforceability of such act or obligation. Notwithstanding any such reversal, modification or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan, and all documents, instruments, and agreements related thereto or any amendments or modifications thereto.

23) On or before ten (10) Business Days after the occurrence of the Effective Date, the Reorganized Debtor shall File a notice of: (i) entry of the Confirmation Order; (ii) the occurrence of the Effective Date; the deadlines established under the Plan for filing of Administrative Claims; and (iii) such other matters as the Debtor deems appropriate; provided however, that failure to File such notice shall not affect the effectiveness of the Plan or rights and substantive obligations of any Entity hereunder. The notice described herein is adequate under the particular circumstances and no other or further notice is necessary.

24) The Plan specifically voids any "insecurity clauses" for the Secured Debt in Class 2, however notwithstanding that provision in the Plan (¶5.03.02(d)), Green Bank's ability to declare a default for payment defaults pursuant to the Plan is unaffected.

25) Notwithstanding anything contained in the Plan to the contrary, the Secured Debt shall accrue default interest under the circumstances, and at the rate described in the original Note, but only following the occurrence of a post-confirmation default.

26) Notwithstanding anything contained in the Plan to the contrary, all amounts received on the Secured Debt shall be applied as indicated and described in the original Note.

27) Notwithstanding anything in the plan to the contrary, to the extent that a Disputed Claim becomes an Allowed Claim, the Debtor must pay the holder of the Allowed Claim an amount equal to the amount that would have been previously distributed on such a claim to the extent that payments would have been made on the claim if it had been allowed at the Effective Date. The payments shall be made on the date set forth in § 6.04 of the Plan.

Dated: _3-21-16_

_____
UNITED STATES BANKRUPTCY JUDGE

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 48 of 77
Case 15-33794   Document 112   Filed in TXSB on 03/21/16   Page 5 of 25

Case 15-33794   Document 86   Filed in TXSB on 02/15/16   Page 1 of 21

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| High Standard Mfg. Co., Inc. | § | **CASE NO. 15-33794** |
| | § | **(Chapter 11)** |
| | § | |
| **DEBTOR** | § | |

### DEBTOR'S AMENDED CHAPTER 11 PLAN OF REORGANIZATION

**WALKER & PATTERSON, P.C.**
Johnie Patterson
P.O. Box 61301
Houston, TX 77208
713.956.5577
713.956.5570 fax
jjp@walkerandpatterson.com
*Counsel For Debtor*

Plan

$Exhibit "1"$

1

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 49 of 77
Case 15-33794   Document 112   Filed in TXSB on 03/21/16   Page 6 of 25

Case 15-33794   Document 86   Filed in TXSB on 02/15/16   Page 2 of 21

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **High Standard Mfg. Co., Inc.** | § | **CASE NO. 15-33794** |
| | § | **(Chapter 11)** |
| | § | |
| **DEBTOR** | § | |

## DEBTOR'S AMENDED CHAPTER 11 PLAN OF REORGANIZATION

High Standard Manufacturing Co., Inc., Debtor and Debtor-in-Possession (**"Debtor"**)

proposes the following Plan of Reorganization (the "Plan") pursuant to the provisions of Chapter

11 of the Bankruptcy Code, 11 U.S.C. Sections 1101 et seq.:

**ALL HOLDERS OF CLAIMS OR EQUITY INTERESTS ENTITLED TO VOTE
ON THIS PLAN ARE ENCOURAGED TO READ THIS PLAN AND THE DISCLOSURE
STATEMENT CAREFULLY AND IN THEIR ENTIRETY BEFORE VOTING ON THIS
PLAN.**

I     <u>DEFINITIONS</u>

The following terms, when used in the Plan, shall unless the context otherwise requires,

have the following meanings:

1.01     <u>Administrative Claim</u>:  Any cost or expense of administration of this Debtor in
this Chapter 11 Case incurred on or before the Effective Date entitled to priority under § 507(a)(2)
and allowed under § 503(b) of the Bankruptcy Code, including without limitation, any actual and
necessary expenses of preserving this Debtor's estate, including wages, salaries or commissions
for services rendered after the commencement of the Chapter 11 Case, certain taxes, fines and
penalties, any actual and necessary post-petition expenses of operating this Debtor's business,
certain postpetition indebtedness or obligations incurred by or assessed against the Debtor in
connection with the conduct of its business, or for the acquisition or lease of property, or for
providing services to this Debtor, including all allowances of compensation or reimbursement of
expenses to the extent allowed by the Bankruptcy Court under the Bankruptcy Code, and any fees
or charges assessed against this Debtor's estate under chapter 123, title 28, United States Code.
With respect to Administrative Claims, there shall be an Administrative Claim against the Debtor
only to the extent of and only after the entry of a Final Order approving such Administrative Claim
following the filing of a motion or application prior to the Administrative Claim Bar Date.

1.02     <u>Administrative Claim Bar Date</u>:  The last day to file an application for allowance

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 50 of 77
Case 15-33794   Document 112   Filed in TXSB on 03/21/16   Page 7 of 25

Case 15-33794   Document 86   Filed in TXSB on 02/15/16   Page 3 of 21

of an Administrative Claim (other than quarterly U.S. Trustee fees), which shall be 60 days after the Effective Date, unless otherwise established by a Final Order.

     1.03    Allowed Amount: The amount of an Allowed Claim.

     1.04    Allowed Claim:  Any Claim (a) which has been scheduled by the Debtor pursuant to Bankruptcy Rule 1007 and (i) is not scheduled as disputed, contingent or unliquidated, (ii) as to which no Proof of Claim has been filed, and (iii) as to which no objection to such scheduled Claim has been filed; (b) as to which a timely Proof of Claim has been filed as of the Bar Date and no objection thereto has been made; or (c) that has been allowed by a Final Order.

     1.05    Allowed Secured Claim:  A Secured Claim of a creditor to the extent such Claim is an Allowed Claim, and the Lien securing such Claim has been specifically preserved in this Plan.

     1.06    Avoidance Action:  Any and all rights, claims and causes of action arising under §§ 506(c), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552(b), 553 or 724 of the Bankruptcy Code or similar rights, and claims and causes of action under applicable state law.

     1.07    Bankruptcy Code: Title 11 of the United States Code, as in effect on the Confirmation Date.

     1.08    Bankruptcy Court:  The unit of the United States District Court for the Southern District of Texas, Houston Division, having jurisdiction over this Chapter 11 Case, or in the event such Court ceases to exercise jurisdiction over this Chapter 11 Case, such court or adjunct thereof that exercises jurisdiction over this Chapter 11 Case in lieu of the United States Bankruptcy Court for the Southern District of Texas, Houston Division, and any appellate or other court that is competent to exercise jurisdiction over the confirmation of this Plan.

     1.09    Bankruptcy Rules:  The Federal Rules of Bankruptcy Procedure, as amended, and the Bankruptcy Local Rules for the Southern District of Texas, as applicable to this Chapter 11 Case, each as in effect on the date of the event described herein.

     1.10    Bar Date: November 18, 2015.

     1.11    Cause Of Action:  Any Claim or cause of action, legal or equitable, now owned or hereafter acquired by the Debtor, whether arising under contract or tort, federal or state law, including but not limited to Avoidance Actions, whether commenced prior or subsequent to the Petition Date.

     1.12    Chapter 11 Case: Case No. 15-33794-H1-11 filed under Chapter 11 of the Bankruptcy Code by the Debtor and pending before the Bankruptcy Court.

     1.13    Claim:  Any (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

     1.14    Claimant: A person asserting a Claim against the Debtor, its property, or the Estate.

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 51 of 77
Case 15-33794   Document 112   Filed in TXSB on 03/21/16   Page 8 of 25

Case 15-33794   Document 86   Filed in TXSB on 02/15/16   Page 4 of 21

1.15    Collateral:  Any property or interest in property of the Estate subject to a Lien that
is preserved in this Plan and that is not subject to avoidance under the Bankruptcy Code or
otherwise invalid under the Bankruptcy Code or applicable state law.

1.16    Confirmation Date:  The date upon which the Bankruptcy Court enters the
Confirmation Order.

1.17    Confirmation Hearing:  The hearing to be conducted by the Bankruptcy Court to
determine whether to approve the Plan.

1.18    Confirmation Order:   The Order of the Bankruptcy Court approving and
confirming the Plan in accordance with the provisions of chapter 11 of the Bankruptcy Code.

1.19    Creditor:  Any person that holds a Claim against the Debtor that arose or is
deemed to have arisen on or before the Petition Date, including an Allowed Claim against the
Debtor's Estate of a kind specified in §§ 502(g), 502(h) or 502(i) of the Bankruptcy Code.

1.20    Cure Costs:  The amount necessary to cure all defaults under any executory
contract or any unexpired lease to which the Debtor is a party and to compensate the non-debtor
party for any actual pecuniary loss resulting from such defaults in order to assume and assign the
executory contract or unexpired lease under §§ 365(a) and 365(f) of the Bankruptcy Code.

1.21    Debtor: High Standard Manufacturing Co., Inc.

1.22    Debtor in Possession:  The Debtor in its capacity as a debtor in possession
pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

1.23    Deficiency Claim:  The amount by which an Allowed Secured Claim exceeds the
value of any Collateral securing such Claim as may be determined by the Bankruptcy Court in
accordance with § 506(a) of the Bankruptcy Code. A Deficiency Claim is a General Unsecured
Claim.

1.24    Disclosure Statement:   The Disclosure Statement with respect to this Plan,
including all exhibits and schedules thereto, filed by the Debtor and approved by the Court
pursuant to § 1125 of the Bankruptcy Code, as may be amended or supplemented.

1.25    Disputed Claim:  A Claim against the Debtor as to which an objection has been
filed on or before the deadline for objecting to a Claim and which objection has not been
withdrawn, settled or otherwise resolved by Final Order.

1.26    Disputed Claims Reserve:  A reserve to be held in trust for the benefit of holders of
Disputed Claims in accordance with the provisions of the Plan.

1.27    Distribution:   The Cash and other property required by the Plan to be distributed to
the holders of Allowed Claims and Allowed Interests.

1.28    Distribution Date:  The date, occurring as soon as practicable after the Effective
Date, on which distributions are made pursuant to the terms of the Plan to Holders of Allowed
Administrative Claims; provided, however, that should such Allowed Administrative Claims be

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 52 of 77
Case 15-33794   Document 112   Filed in TXSB on 03/21/16   Page 9 of 25

Case 15-33794   Document 86   Filed in TXSB on 02/15/16   Page 5 of 21

paid in the ordinary course of business, the Distribution Date shall be the date such Allowed Administrative Claim becomes payable under the terms of any contract or agreement or applicable non-bankruptcy law.

1.29     Effective Date:  The first Business Day after (a) the date the Confirmation Order becomes a Final Order; and (b) all conditions specified in Article 13 hereof have been satisfied or waived.

1.30     Equity Interest or Interest: The meaning ascribed to "equity security" in § 101(16) of the Bankruptcy Code.

1.31     Equity Interest Holder or Interest Holder: The meaning ascribed to "equity security holder" in § 101(17) of the Bankruptcy Code.

1.32     Estate:  The estate created upon the filing by the Debtor of this Chapter 11 Case pursuant to § 541 of the Bankruptcy Code, together with all rights, claims and interests pertaining thereto.

1.33     Final Order:  An order or judgment which has not been reversed, vacated or stayed and as to which (a) the time to appeal, petition for *certiorari* or move for new trial, reargument or rehearing has expired and to which no appeal, petition for *certiorari* or other proceedings for a new trial, re-argument or rehearing shall then be pending, or (b) if an appeal, writ of *certiorari*, new trial, re-argument or rehearing thereof has been sought, such order or judgment of the Bankruptcy Court shall have been affirmed by the highest court to which such order was appealed, or *certiorari* shall have been denied or a new trial, re-argument or rehearing shall have been denied or resulted in no modification of such order, and the time to take any further appeal, petition for *certiorari* or move for a new trial, re-argument or rehearing shall have expired.

1.34     General Unsecured Claim:   A Claim other than a Secured Claim, an Administrative Claim, a Priority Claim, or a Subordinated Claim.

1.35     Lien:  A charge against or interest in property to secure payment of a debt or performance of an obligation which has not been avoided or invalidated under any provision of the Bankruptcy Code or other applicable law.

1.36     Person:  An individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated association or organization, a governmental unit (as that term is defined in the Bankruptcy Code) or any agency or subdivision thereof or any other entity.

1.37     Petition Date: July 16, 2015, the date on which the Debtor filed the voluntary chapter 11 petition commencing this Chapter 11 Case.

1.38     Plan: This Chapter 11 Plan of Reorganization, as it may be amended or modified from time to time.

1.39     Plan Ballot:  The form of ballot that the Debtor will transmit to Creditors and Interest Holders who are, or may be, entitled to vote on the Plan.

1.40     Plan Documents:   Any and all documents contemplated to be executed in

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 53 of 77
Case 15-33794   Document 112   Filed in TXSB on 03/21/16   Page 10 of 25

Case 15-33794   Document 86   Filed in TXSB on 02/15/16   Page 6 of 21

connection with this Plan.

1.41   Priority Claim:  Any Claim to the extent entitled to priority in payment under §
507(a) of the Bankruptcy Code.

1.42   Priority Non-Tax Claim:  Any Claim (other than an Administrative Claim or a
Priority Tax Claim) to the extent entitled to priority in payment under § 507(a) of the Bankruptcy
Code including, but not limited to, (a) Claims of an employee of the Debtor for wages, salaries, or
commissions, including vacation, severance or sick leave pay, earned within one hundred and
eighty (180) days prior to the Petition Date (to the extent of $12,475 per employee) as set forth in §
507(a)(4) of the Bankruptcy Code; (b) Claims for contribution to an employee benefit plan as set
forth in § 507(a)(5) of the Bankruptcy Code; (c) Claims for deposits of up to $2,775 placed by
individuals with the Debtor as set forth in § 507(a)(7) of the Bankruptcy Code; (d) Claims based
upon any commitment by the Debtor to a Federal depository institutions regulatory agency to
maintain the capital of an insured depository institution as set forth in § 507(a)(9); and (e) Claims
for death or personal injury resulting from the operation of a motor vehicle or vessel if such
operation was unlawful because the Debtor were intoxicated from using alcohol, a drug or another
substance as set forth in § 507(a)(10).

1.43   Priority Tax Claim:  Any Claim entitled to priority in payment under § 507(a)(8)
of the Bankruptcy Code. A Claim based upon an assessed *ad valorem* tax that is secured by a
statutory lien on property that was administered during this Chapter 11 Case is a Secured Claim to
the extent of the value of the property administered.  Otherwise, such Claim is a General
Unsecured Claim.

1.44   Pro-Rata:  The proportion that the dollar amount of an Allowed Claim or Allowed
Interest in a Class bears to the aggregate amount of all Allowed Claims or Allowed Interests in
such Class.

1.45   Professional Fee Claims:  Administrative Claims for Professional Fees from the
Petition Date through the Effective Date, as well as fees, expenses and other reimbursable costs
incurred after the Effective Date.

1.46   Professional Fees:  All fees, costs and expenses incurred in this Chapter 11 Case
related to the Debtor by any professional person (within the meaning of §§ 327, 328 or 1103 of the
Bankruptcy Code or otherwise) and awarded by Final Order of the Bankruptcy Court pursuant to
§§ 330 or 503(b) or any other provision of the Bankruptcy Code and any professional fees, costs
and expenses which have been allowed by Final Order of the Bankruptcy Court.

1.47   Professionals:  Any Court-approved professional Person, including lawyers,
accountants, financial advisors, investment bankers and restructuring advisors, employed by the
Debtor or any Committee in this Chapter 11 Case at any time before the Effective Date.

1.48   Reorganized Debtor:  *As of the Effective Date of the Plan, the Debtor as*
reorganized under the terms of this Plan.

1.49   Rights of Action:  Includes (a) any avoidance, recovery, subordination or other
action of the Debtor, the Estate or the Reorganized Debtor, (b) any Cause of Action of the Debtor,
the Estate or the Reorganized Debtor, (c) any objection or other challenge to a Claim, and (d) any
objection or other challenge to an Interest.

1.50   Schedules: The Debtor's Schedules of Assets and Liabilities, as may be amended or supplemented, and filed with the Bankruptcy Court in accordance with § 521(a)(1) of the Bankruptcy Code.

1.51   Secured Claim: A Claim to the extent of the value, as may be determined by the Bankruptcy Court pursuant to § 506(a) of the Bankruptcy Code, of any interest in property of the Debtor's Estate securing such Claim, or any Claim to the extent that it is subject to setoff under § 553 of the Bankruptcy Code. To the extent that the value of such interest is less than the amount of the Claim which has the benefit of such security, such Claim is a Deficiency Claim.

1.52   Unsecured Claim: A Claim not secured by a charge, mortgage or lien against or interest in property of the Estate, including but not limited to any Deficiency Claim and any claim for damages resulting from the rejection of an executory contract or lease.

## 2   CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   All Claims and Interests against the Debtor of whatever nature, whether or not scheduled, liquidated or unliquidated, absolute or contingent, including all Claims arising from transactions of the Debtor or rejection of executory contracts and/or unexpired leases and all Interests arising from the ownership of the Debtor, whether resulting in an Allowed Claim or not, shall be bound by the provisions of this Plan. The Claims and Interests are hereby classified as follows

2.02   In accordance with § 1123(a)(l) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims have not been classified and thus are excluded from the Classes of Claims and Interests.

> 2.02.01   Allowed Administrative Claims arising under 11 U.S.C. § 503(b) will be paid in Cash and in full by the Reorganized Debtor on the later of (a) the Effective Date, (b) the date on which such Administrative Claim becomes an Allowed Claim; or (c) such other date as the Reorganized Debtor and the holder of the Allowed Administrative Claim shall agree.

> 2.02.02   Allowed Priority Tax Claims against the Debtor will be paid in Cash by the Reorganized Debtor on the later of (a) the Distribution Date; (b) the date on which such Priority Tax Claim becomes an Allowed Claim; or (c) such other date as the Reorganized Debtor and the holder of the Allowed Priority Tax Claim shall agree.

2.03   Claims against the Debtor are classified as follows:

2.03.01   **Class 1 - Secured Personal Property Tax Claims .** Class 1 is comprised of all Secured Personal Property Tax Claims. Class 1 is impaired.

2.03.02   **Class 2 - Secured Claim Of Green Bank.** Class 2 is comprised of the Secured Claim of Green Bank (the "Secured Debt"). Class 2 is impaired.

2.03.03   **Class 3 – Administrative Convenience Class.** Class 3 is

comprised of unsecured claims less than or equal to $1,000.00. Claims included in Class 4 may elect to reduce their claim to $1,000.00 and be treated as a Class 3 claim if done so in writing before the Effective Date. Class 3 is impaired.

2.03.04      **Class 4 – General Unsecured Class.** Class 4 is comprised of unsecured claims. Class 4 is impaired.

2.03.05      **Class 5 – Equity Interests.** Class 5 is comprised of the equity/ownership interest in the Debtor. Class 5 is unimpaired.

## 3    IMPLEMENTATION OF THE PLAN

3.01  On the Effective Date, all Property of the Estate shall revest in the Reorganized Debtor free and clear of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. § 363(f) and 11 U.S.C. § 1123(a)(5) to the maximum extent allowed by law.

3.02  Continuation of Operations.  From and after the Effective Date, the Reorganized Debtor is authorized to take such actions as are necessary to continue all operations it deems necessary.

3.03  Continued Corporate Existence:  From and after the Effective Date, the Reorganized Debtor shall continue to exist in accordance with the applicable laws of the State of Texas and its Articles of Incorporation.

3.04  General Powers of the Reorganized Debtor: The Reorganized Debtor shall have all of the rights, powers and privileges set forth in this Plan, the Confirmation Order and applicable law. The Reorganized Debtor is authorized and shall have the obligation to take all such actions as in its judgment are necessary and appropriate to effectuate the purposes of the Plan, including but not limited to the following:

3.04.01      Make all Distributions contemplated under the Plan.

3.04.02      Consistent with maintaining the value of the Reorganized Debtor's assets and operate its business in a lawful manner as it deems appropriate;

3.04.03      Administer the resolution, settlement and payment of Claims and Equity Interests and the distributions to the holders of Allowed Claims and Allowed Equity Interests in accordance with this Plan;

3.04.04      Enter into any agreement required by or consistent with the Plan and perform all of the obligations required of the Reorganized Debtor under this Plan;

3.04.05      Abandon any of the assets of the Reorganized Debtor if the Reorganized Debtor concludes that such assets are of no benefit to the Creditors or Interest Holders;

3.04.06      Participate in or initiate any proceeding before the Bankruptcy Court or any other court of appropriate jurisdiction and participate as a party or otherwise in any administrative, arbitrative or other non-judicial proceeding and

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 56 of 77
Case 15-33794   Document 112   Filed in TXSB on 03/21/16   Page 13 of 25

Case 15-33794   Document 86   Filed in TXSB on 02/15/16   Page 9 of 21

litigate claims, including without limitation all state and federal causes of action or any other litigation which constitutes an asset of the Estate/Reorganized Debtor and pursue to settlement or judgment such actions;

3.04.07        Participate as a party-in-interest in any proceeding before the United States Bankruptcy Court involving this Chapter 11 Case;

3.04.08        Take actions and exercise remedies against any entity that owes money to the Debtor/Estate/Reorganized Debtor, including without limitation, the remedies available under any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document; make compromises regarding any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document; and, declare or waive defaults regarding any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document;

3.04.09        Select and employ such professionals, agents or employees as the Reorganized Debtor deems necessary to assist in the administration of the affairs of the Reorganized Debtor and compensate such persons;

3.04.10        Hold any unclaimed distribution or payment to the holder of an Allowed Claim in accordance with this Plan;

3.04.11        Propose any amendment, modification or supplement to this Plan or the Reorganized Debtor's governance documents;

3.04.12        Receive, conserve and manage the assets of the Reorganized Debtor and sell, pursuant to 11 U.S.C. § 363(f), 11 U.S.C. § 1123(a)(5) and this Plan, or otherwise dispose of such assets for a price and upon such terms and conditions as the Reorganized Debtor deems most beneficial to the Creditors and Interest Holders and execute such deeds, bills of sale, assignments and other instruments in connection therewith;

3.04.13        Open and maintain bank accounts;

3.04.14        Pay all taxes, make all tax withholdings and file tax returns and tax information returns and make tax elections;

3.04.15        Pay all lawful expenses, debts, charges and liabilities of the Reorganized Debtor;

3.04.16        Enforce all provisions of this Plan;

3.04.17        Protect, perfect and defend the title to any of the assets of the Reorganized Debtor and enforce any bonds, mortgages or other obligations or liens owned by the Reorganized Debtor;

3.04.18        Carry insurance coverage in such types and amounts as the Reorganized Debtor deems advisable;

Case 15-33794  Document 165  Filed in TXSB on 04/24/18  Page 57 of 77
Case 15-33794  Document 112  Filed in TXSB on 03/21/16  Page 14 of 25

Case 15-33794  Document 86  Filed in TXSB on 02/15/16  Page 10 of 21

3.04.19       Establish such reserves for taxes, assessments and other expenses of the Reorganized Debtor (including without limitation the Disputed Claims Reserve) as may be necessary and appropriate for the proper operation of matters incident to the affairs of the reorganized Debtor and its obligations under this Plan; and

3.04.20       Exercise such other powers and duties as are necessary or appropriate in the Reorganized Debtor's discretion to accomplish the purposes of this Plan.

## 4       SPECIFICATION OF ALL CLAIMS IMPAIRED AND NOT IMPAIRED UNDER THE PLAN

4.01     Impaired Classes: Only holders of Claims and Equity Interests that are in impaired Classes may vote on this proposed Plan.  The following Classes of Claims and Equity Interests are impaired under this Plan:

4.01.01       Class 1 - Secured Personal Property Tax Claims
4.01.02       Class 2 - Secured Claim of Green Bank (the "Secured Debt").
4.01.03       Class 3 – Administrative Convenience Class
4.01.04       Class 4 – General Unsecured Class

4.02     Unimpaired Classes:  Holders of Claims and Equity Interests that are unimpaired Classes are deemed to have accepted the Plan and are not entitled to vote on this proposed Plan. The following Classes of Claims are not impaired under this Plan:

4.02.01       Class 5 - Equity Interests

## 5       SPECIFIC TREATMENT OF CLAIMS

5.01     All Claims, whether specifically listed in this Plan or not, are subject to objection by the Reorganized Debtor as provided in this Plan.

5.02     Class 1 - Secured Personal Property Taxes.

5.02.01       Class 1 is impaired, and is entitled to vote.

5.02.02       All Secured Property Tax Claims will be paid in full on or before July 1, 2016, and shall accrue interest as provided by applicable law.  Claims in Class 1 retain their statutory rights and liens until paid.  Debtor reserves the right to prepay any Class 1 Claim without penalty.

5.03     Class 2 - Secured Claim of Green Bank.

5.03.01       Class 2 is impaired, and is entitled to vote.

5.03.02       The Secured Debt shall be deemed cured, financially and non-financially of all pre-confirmation defaults, at Confirmation, with the principal

balance of $500,000.00 and accrued interest/costs of $1,375.00 (collectively the "Amount Owed") paid as follows:

(a)  The Secured Debt will be deemed cured of all financial and non-financial defaults as of the Confirmation Date and the instruments evidencing the Secured Debt will be modified, including the deletion of prepayment penalties and reporting obligations other than as provided in the Plan.  For purposes of plan analysis and distribution estimates, it is assumed the Effective Date will be April 1, 2016.  Green Bank will be paid $50,000.00 on 30th day following the Effective Date, with the remaining balance of $451,375.00 amortized over 48 months at 4.25%  The monthly principal and interest payments under the amortization will be paid monthly, in arrears, beginning on the first of the month, following the passage of the first full month after the Effective Date.  (For example, if the Effective Date March 12, 2016, interest will begin to accrue on April 1, 2016, and the first monthly payment of principal and interest will be due May 1, 2016). The Secured Debt will retain all prepetition security interests.    All inconsistent provisions in the debt instruments will be null and void.  Debtor will reserve the right to prepay any Class 2 Claim without penalty.

(b)  Payments will be applied first to accrued interest, second to principal, and third to accrued costs or fees.

(c)  No default interest shall be assessed.

(d)  Insecurity clauses shall not be enforceable.

(e)  All defaults and notices shall be governed by the terms contained in the Confirmed Plan.

(f)  All Lending Base requirements, including the amount of qualified receivables required to support outstanding principal shall be suspended for 12 months following the Effective Date.

(g)  Notice of default and presentment are not waived by the Debtor.

(h)  All reporting requirements are governed by the Plan.

(i)  All provisions in the loan documents that are inconsistent or are in conflict with the terms of the Plan are null and void.

5.03.03    All other Claims are disallowed.

5.03.04    The Reorganized Debtor may prepay the Secured Debt in full without penalty at any time after the Effective Date.

5.04    Class 3 – Administrative Convenience Class

5.04.01    Class 3 is impaired, and is entitled to vote.

5.04.02    Class 3 claimants consist of unsecured claims less than or equal to $1,000.00.  Claims included in Class 4 may elect to reduce their claim to

Case 15-33794  Document 165  Filed in TXSB on 04/24/18  Page 59 of 77
Case 15-33794  Document 112  Filed in TXSB on 03/21/16  Page 16 of 25

Case 15-33794  Document 86  Filed in TXSB on 02/15/16  Page 12 of 21

$1,000.00 and be treated as a Class 3 claim if done so in writing before the Effective Date. Class 3 Claims will be paid in full, without interest, on or before the 180th day following the Effective Date.

5.05    Class 4 – General Unsecured Class

    5.05.01    Class 4 is impaired, and is entitled to vote.

    5.05.02    Class 4 Claims will be paid over 60 months, without interest. Distributions shall be on at least a semi-annual basis in an amount equal to or greater than 10.00% of the Allowed Claim. Debtor retains the right to prepay any Class 4 Claim without penalty.

5.06    Class 5 – Equity Interests

    5.07.01    Class 5 is unimpaired, and is not entitled to vote.

    5.07.02    Equity/Ownership interest in the Debtor shall not be affected by the confirmation of the Debtor's Plan.

## 6    CLAIM/INTEREST OBJECTION PROCEDURES, TREATMENT OF DISPUTED CLAIMS/INTERESTS AND PROCEDURE FOR ASSERTING CLAIMS

    6.01    Objection Process.  The Reorganized Debtor shall have the sole right to object to the allowance of any Claims or Equity Interests provided for under the Plan. The Reorganized Debtor shall have the sole authority to compromise, settle or otherwise resolve objections without approval of the Bankruptcy Court. Unless otherwise ordered by the Bankruptcy Court, the Reorganized Debtor shall file and serve all objections to Claims and Equity Interests no later than (i) 75 days after the later of (a) the Effective Date; or (b) the date on which a proof of claim, proof of interest or request for payment is filed with the Bankruptcy Court or (ii) such other date as may be approved by the Bankruptcy Court after notice and hearing.

    6.02    Filing of Claims and Causes of Action. The Reorganized Debtor shall have the exclusive right to file and prosecute any Claims and Causes of Action, including all derivative Causes of Action.  The Reorganized Debtor shall have the authority to compromise, settle or otherwise resolve all Claims and Causes of Action without approval of the Bankruptcy Court.

    6.03    Disputed Claims Reserve. A Disputed Claims Reserve may be established by the Reorganized Debtor for the treatment of Disputed Claims.  The Disputed Claims Reserve shall be held in a separate bank account from all other funds held by the Reorganized Debtor.  If created, the Reorganized Debtor shall deposit into a Disputed Claims Reserve an amount equal to the Pro Rata share of the Distribution allocable to such Disputed Claims, in accordance with the distribution scheme contemplated in the Plan, as if such Claims and/or Equity Interests were Allowed Claims or Equity Interests.  Amounts deposited into the Disputed Claims Reserve shall be held in trust for the benefit of the holders of Disputed Claims pending a determination of their entitlement thereto under the terms of the Plan.  Once such Disputed Claim is determined by Final Order or settlement to be an Allowed Claim, the Reorganized Debtor is authorized to pay the

Case 15-33794  Document 165  Filed in TXSB on 04/24/18  Page 60 of 77
Case 15-33794  Document 112  Filed in TXSB on 03/21/16  Page 17 of 25

Case 15-33794  Document 86  Filed in TXSB on 02/15/16  Page 13 of 21

Allowed Amount of such Claim without further approval from or notice to any person or entity.

6.04    Distributions to Holders of Disputed Claims. Within 10 Business Days after such time as a Disputed Claim becomes an Allowed Claim or Equity Interest, but in no event earlier than the initial payment dates established under the Plan, any Distributions reserved for such Allowed Claim or Equity Interest shall· be released from the Disputed Claims Reserve and delivered to the holder of such Allowed Claim or Equity Interest in an amount proportionate to the Allowed Amount of any such Claim or Equity Interest. In the event that the Disputed Claim is disallowed in whole or in part, or otherwise settled in amount less than the Disputed Claim amount, the disallowed or reduced portion of such Claim or Equity Interest shall be distributed from the Disputed Claim Reserve to holders of Allowed Claims or Equity Interests on the next scheduled payment date established under the Plan without further approval from or notice to any person or entity.

6.05    Disallowance of Late Filed Proofs of Claim. Except as otherwise provided in the Plan, any proof of claim filed by the holder of such Claim after the Bar Date is hereby disallowed and forever barred.

6.06    Provisions Governing Distributions.

6.06.01    Record Date for Claims. For purposes of Distributions to holders of Allowed Claims, the Reorganized Debtor shall rely on the claims docket maintained by the Clerk for proofs of claim filed in this Chapter 11 Case for this Debtor, except to the extent a notice of transfer of Claim or Interest has been filed with the Court prior to the record date pursuant to Bankruptcy Rule 3001.

6.06.02    Delivery of Distributions to Holders of Allowed Claims. Subject to Bankruptcy Rule 9010, Distributions to holders of Allowed Claims will be made at the address of each such holder as set forth on the proofs of claim filed by such holders, or at the last known address of such holder if no proof of claim is filed, unless the holder of the Allowed Claim has otherwise notified the Reorganized Debtor in writing of a change of address. The Reorganized Debtor may, but shall not be required to make any Distribution of less than $25.00.

6.06.03·    Delivery of Distributions to Holders of Allowed Equity Interests. Distributions to holders of Allowed Equity Interests, to the extent they are entitled to distributions under the Plan, will be made at the address of the registered holder of each such Equity Interest as set forth in the Debtor's records. If any holder's distribution is returned as undeliverable, no further distributions to such holder will be made unless and until the Reorganized Debtor is notified in writing of such holder's then current address.

6.06.04    Uncashed Checks. Checks issued in respect of Allowed Claims and/or Equity Interests will be null and void if not negotiated within ninety (90) days after the date of issuance thereof. Distributions with respect to such un-negotiated checks will revert to the Reorganized Debtor and the remaining Claim or Equity Interest of any holder with respect to such Distribution will be discharged and forever barred.

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 61 of 77
Case 15-33794   Document 112   Filed in TXSB on 03/21/16   Page 18 of 25

Case 15-33794   Document 86   Filed in TXSB on 02/15/16   Page 14 of 21

**7**   **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

7.01   Assumption of Executory Contracts and Unexpired Leases.   All disclosed executory contracts are assumed.

**8**   **ACCEPTANCE OR REJECTION OF THE PLAN**

8.01   Voting.   All creditors who are impaired under the Plan are entitled to vote to accept or reject the Plan.

8.02   Acceptance By Class.   A class shall have accepted the Plan if the Plan is accepted by at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Allowed Claims or Equity Interests of such class that have voted to accept or reject the Plan.

8.03   Reservation of Cramdown Rights.   In the event that any impaired class shall fail to accept this Plan in accordance with § 1129(a) of the Bankruptcy Code, the Filing Creditor reserves the right to request the Bankruptcy Court to confirm the Plan in accordance with the provisions of § 1129(b) of the Bankruptcy Code.

**9**   **EFFECT OF CONFIRMATION**

9.01   Legally Binding Effect.   The provisions of this Plan shall bind all Creditors and Interest Holders, whether or not they accept this Plan.   **On and after the Effective Date, all holders of Claims and Equity Interests shall be precluded and enjoined from asserting any Claim (i) against the Debtor, the Reorganized Debtor, its successors, or its assets and properties based on any transaction or other activity of any kind that occurred prior to the Confirmation Date except as permitted under the Plan; and (ii) that is a derivative claim, including claims against third parties asserting alter ego claims, fraudulent transfer claims or any other type of successor liability.**

9.02   Injunction.   The entry of the Confirmation Order will operate as a general resolution with prejudice, as of the Effective Date, of all pending legal proceedings, if any, against the Debtor, the Reorganized Debtor and their assets and properties and any proceedings not yet instituted against the Debtor, the Reorganized Debtor or their assets and properties, except as otherwise provided in the Plan.   Except as otherwise expressly provided in the Plan or the Confirmation Order, all Persons who have held, hold, or may hold Claims against the Debtor or its assets and properties are permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any action or other proceeding of any kind against the Debtor or the Reorganized Debtor, or their assets and properties, with respect to any such Claim, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order with respect to any such Claim against the Debtor or the Reorganized Debtor, or their assets and properties, (c) creating, perfecting, or enforcing any encumbrance of any kind against the Debtor or the Reorganized Debtor, or their assets and properties, with respect

Case 15-33794 Document 165 Filed in TXSB on 04/24/18 Page 62 of 77
Case 15-33794 Document 112 Filed in TXSB on 03/21/16 Page 19 of 25

Case 15-33794 Document 86 Filed in TXSB on 02/15/16 Page 15 of 21

to such Claim, (d) asserting any right of subrogation of any kind against any obligation due to the Debtor or the Reorganized Debtor, or the property of the Debtor, the Estate or the Reorganized Debtor with respect to any such Claim and (e) asserting any right of setoff or recoupment against the Debtor, the Estate or the Reorganized Debtor except as specifically permitted by § 553 of the Bankruptcy Code. Unless otherwise provided in the Plan or by order of the Bankruptcy Court, all injunctions or automatic stays provided for in this case pursuant to §§ 105, 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date will remain in full force and effect until the Effective Date. All Allowed Claims, and Claims allowed by the Court after objection, shall be valid, binding and conclusive claims against the Debtor, not subject to any further review, adjustment, allowance or disallowance by any Court.

9.03    Discharge.    In addition to the foregoing section and pursuant to § 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or the Confirmation Order, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of all Claims, Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtor or any of its assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees/representatives of the Debtor prior to the Effective Date or that arise from a termination of employment or a termination of any employee or retiree benefit program, regardless of whether such termination occurred prior to or after the Effective Date, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in §§ 502(g), 502(h), or 502(i) of the Bankruptcy Code, in this Chapter 11 Case whether or not: (a) a Proof of Claim or Interest based upon such debt, right, Claim, or Interest is Filed or deemed Filed pursuant to § 501 of the Bankruptcy Code; (b) a Claim or Interest based upon such Claim, debt, right, or Interest is Allowed pursuant to § 502 of the Bankruptcy Code; or (c) the Holder of such a Claim or Interest has accepted the Plan. Subject to the terms of the Plan and the Confirmation Order, any default by the Debtor with respect to any Claim or Interest that existed immediately prior to or on account of the filing of this Chapter 11 Case shall be deemed satisfied on the Effective Date. Subject to the terms of the Plan, the Confirmation Order shall be a judicial determination of discharge of all liabilities of the Debtor, its Estate, the Reorganized Debtor and all successors thereto. As provided in § 524 of the Bankruptcy Code, subject to the terms of the Plan, such discharge shall void any judgment against the Debtor, its Estate, the Reorganized Debtor or any successors thereto at any time obtained to the extent it relates to a Claim or Interest discharged, and operates as an injunction against the prosecution of any action against the Reorganized Debtor or its property and assets to the extent it relates to a discharged Claim or Interest.

9.04    Continuation of Anti-Discrimination Provisions of Bankruptcy Code.    A Governmental Unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, or discriminate with respect to such a grant against, the Debtor, the Reorganized Debtor, or another Person with whom the Debtor has been or is associated or affiliated, solely because of the commencement, continuation, or termination of the case or because of any provision of the Plan or the legal effect of the Plan, and the Confirmation Order will constitute an express injunction against any such discriminatory treatment by a Governmental Unit. Moreover, a Governmental Unit may not deny, revoke,

Plan                                                                                                    15

Case 15-33794  Document 165  Filed in TXSB on 04/24/18  Page 63 of 77
Case 15-33794  Document 112  Filed in TXSB on 03/21/16  Page 20 of 25

Case 15-33794  Document 86  Filed in TXSB on 02/15/16  Page 16 of 21

suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to the Debtor or the Reorganized Debtor based upon any requirement that the Debtor or the Reorganized Debtor place a bond or other surety obligation with such governmental unit as a condition of receipt of such a license, permit, charter, franchise, or other similar grant to the Debtor or the Reorganized Debtor. All licenses, permits, charters, franchises, or other similar grants to the Debtor are hereby transferred and assigned on the Effective Date (which transfer and assignment is without the assumption of any liabilities arising prior to the Effective Date which liabilities arise out of such license, permit, charter, franchise or similar grant) to the Reorganized Debtor without the need for further application or approval by any Governmental Unit.

9.05    Preservation of Claims and Rights.    Confirmation of this Plan effects no settlement, compromise, waiver or release of any Claim, Cause of Action, Right of Action or claim for relief unless this Plan or the Confirmation Order specifically and unambiguously so provides. The non-disclosure or non-discussion of any particular Claim, Cause of Action, Right of Action or claim for relief is not and shall not be construed as a settlement, compromise, waiver, or release of any such Claim, Cause of Action, Right of Action or claim for relief.

9.06    **The Reorganized Debtor reserves any and all claims and rights against any and all insiders and third parties, whether such claims and rights arose before, on or after the Petition Date, the Confirmation Date, the Effective Date, the Record Date and/or any Distribution date, including, without limitation, any and all Causes of Action, Rights of Action and/or claims for relief that the Debtor or the Reorganized Debtor may have against (i) any insurer and/or insurance policies in which either the Debtor and/or their current or former personnel have an insurable or other interest in or right to make a claim against, any other of the Debtor's insurers; (ii) any recipient of a transfer identified in the Debtor's statements of financial affairs, including any amendments thereto, filed in this Chapter 11 Case, or; (iii) the secured lender on the Debtors Property, and its servicers, for their prepetition acts/omissions. The entry of the Confirmation Order shall not constitute *res judicata* or otherwise bar, estop or inhibit any actions by the Reorganized Debtor relating to any claims, Causes of Action or Rights of Action referred to in this Article, or otherwise. The Reorganized Debtor shall constitute the representative of the Estate for purposes of retaining, asserting and/or enforcing Rights of Action under § 1123(b)(3)(B) of the Bankruptcy Code. On the Effective Date, the Reorganized Debtor shall be substituted as a party of record in all pending litigation brought by or against the Debtor without need for further order of the Bankruptcy Court.**

## 10    RETENTION OF JURISDICTION

10.01    Exclusive Bankruptcy Court Jurisdiction.    The Court shall retain and have exclusive jurisdiction over this Chapter 11 Case to the maximum extent provided by law for the following purposes following the Confirmation Date:

10.01.01    To determine any and all objections to the allowance and classification of Claims or Interests;

10.01.02    To determine the validity and priority of any Lien;

10.01.03    To determine the Allowed Amount of any Claim, whether secured or unsecured;

Case 15-33794 Document 165 Filed in TXSB on 04/24/18 Page 64 of 77
Case 15-33794 Document 112 Filed in TXSB on 03/21/16 Page 21 of 25

Case 15-33794 Document 86 Filed in TXSB on 02/15/16 Page 17 of 21

10.01.04      To allow any and all applications for allowances of compensation and reimbursement of expenses payable from the estate;

10.01.05      To determine any and all applications or motions pending before the Court on the Effective Date of the Plan, including without limitation any motions for the rejection, assumption or assumption and assignment of any executory contract or unexpired lease;

10.01.06      To consider and approve any modification of this Plan, remedy any defect or omission or reconcile any inconsistency in the Plan, or any order of the Court, including the Confirmation Order;

10.01.07      To hear and determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of this Plan, the Confirmation Order, any transactions or payments contemplated hereby or any agreement, instrument or other document governing or related to any of the foregoing;

10.01.08      To consider and act on the compromise and settlement of any claim or cause of action by or against the Debtor;

10.01.09      To issue orders in aid of execution and implementation of this Plan and the Confirmation Order, to the extent authorized by 11 U.S.C. § 1142 or provided by the terms of this Plan; and

10.01.10      To hear and determine matters concerning federal, state or local taxes in accordance with §§ 346, 505 or 1146 of the Bankruptcy Code.

10.02  Limitation on Jurisdiction.  In no event shall the provisions of this Plan be deemed to confer in the Bankruptcy Court jurisdiction greater than that established by the provisions of 28 U.S.C. §§ 157 and 1334.

## 11      NOTICE PROVISIONS

11.01  Notices.  All notices, requests, elections or demands in connection with this Plan, including any change of address of any Creditor or Interest Holder for the purposes of receiving Distributions under this Plan and to avoid forfeiting the same pursuant to this Plan, shall be in writing and shall be delivered personally, by facsimile, overnight courier or first class mail. Such notice shall be deemed to have been given when received or, if mailed by first class mail, five (5) Business Days after the date of mailing, or if by overnight courier, the next Business Day following the date of mailing. Notices required to be sent to the following parties under this Plan shall be addressed to:

11.01.01      *To The Reorganized Debtor:*
*Johnie Patterson,*
WALKER & PATTERSON,
P.C., P.O. Box 61301,
Houston, TX 77208 -61301

713.956.5577/713.956.5570 fax

11.01.02     Any asserted default by the Debtor under the terms of this Plan shall be provided to the Debtor, in writing, pursuant to the Notice Provisions of the Plan. After receipt of any notice of default, the Debtor shall have fourteen (14) days to (1) cure the alleged default, or; (2) provide written notice to the party asserting the default that the Debtor disputes the alleged default.  If the parties are unable to informally resolve the disagreement, the bankruptcy court for the Southern District of Texas shall have exclusive jurisdiction to determine the existence or non-existence of a default under this Plan.

## 12     COMPROMISE AND SETTLEMENTS

12.01   Effect of Confirmation Order.   Pursuant to Bankruptcy Rule 9019, and in consideration for the classification, distribution and other benefits provided under the Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims, Interests and controversies resolved pursuant to the Plan, including, without limitation, all Claims arising prior to the Effective Date, whether known or unknown, foreseen or unforeseen, asserted or unasserted, arising out of, relating to or in connection with the business or affairs of, or transactions with, the Debtor.   The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of each of the foregoing compromises or settlements, and all other compromises and settlements provided for in the Plan, and the Bankruptcy Court's findings shall constitute its determination that such compromises and settlements are in the best interests of the Debtor, the Estate, Creditors and other parties in interest, and are fair, equitable and within the range of reasonableness.

## 13     MISCELLANEOUS PROVISIONS

13.01   Bar Date for Administrative Claims.   No Administrative Claim, other than United States Trustee fees will be paid unless the holder of such Administrative Claim has filed an application for payment of such Administrative Claim on or before the Administrative Claim Bar Date.   Upon the filing of any application for payment, the entity seeking payment of an Administrative Claim shall provide notice by United States Mail in accordance with the Bankruptcy Rules.  Any Administrative Claim, other than United States Trustee fees, not filed in accordance with this section shall be barred and the Debtor and the Reorganized Debtor shall have no liability for payment of any such Administrative Claim.

13.02   Objections to Administrative Claims.   Objections to Applications for payment of Administrative Claims may be filed by any party in interest.   In order to be considered, such objections must be filed on or before the 21st day following the date on which the application was filed.   Any objections will be determined by the Bankruptcy Court.

13.03   Payment of Professional Fees.   Each holder of a Professional Fee Claim shall be paid in respect of such Professional Fee Claim in Cash, in full, on the Effective Date, or, if such Claim has not been approved by the Bankruptcy Court on or before the Effective Date, promptly after Bankruptcy Court approval of the Professional Fee Claim by a Final Order.   Final fee applications for any Professional Fee Claim that has not been approved as of the Effective Date shall be filed within seventy-five (75) days of the Effective Date, or such other time as may be extended by the Court, and such applications and objections thereto (if any) shall be filed in

Plan                                                                                                                        18

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 66 of 77
Case 15-33794   Document 112   Filed in TXSB on 03/21/16   Page 23 of 25

Case 15-33794   Document 86   Filed in TXSB on 02/15/16   Page 19 of 21

accordance with and comply in all respects with the Bankruptcy Code, the Bankruptcy Rules, and the applicable local rules. The failure to file an application by the foregoing deadline shall constitute a waiver of all such Professional Fee Claim.

13.04      Payment of United States Trustee Fees.      The Reorganized Debtor shall be responsible for timely payment of United States Trustee quarterly fees incurred pursuant to 28 U.S.C. § 1930(a)(6). Any fees due as of the date of confirmation of the plan will be paid in full on the effective date of the plan. After confirmation, the Reorganized Debtor shall pay United States Trustee quarterly fees as they accrue until this case is closed by the Court and shall file with this Bankruptcy Court a financial report for each quarter, or portion thereof, that this chapter 11 case remains open in a format prescribed by the United States Trustee.

13.05   Satisfaction of Liabilities.   The rights afforded in the Plan and the treatment of all Claims and Interests herein shall be in exchange for and in complete satisfaction and release of all Claims and Interests of any nature whatsoever against the Debtor or its Estate, assets, properties, or interests in property. Neither the Debtor nor the Reorganized Debtor shall be responsible for any pre-Effective Date obligations of the Debtor.

13.06   Compliance with Tax Requirements.   In connection with each distribution with respect to which the filing of an information return (such as an Internal Revenue Service Form 1099 or 1042) or withholding is required, the Reorganized Debtor shall file such information return with the Internal Revenue Service and provide any required statements in connection therewith to the recipients of such distribution or effect any such withholding and deposit all moneys so withheld as required by law. With respect to any Person from whom a tax identification number, certified tax identification number or other tax information required by law to avoid withholding has not been received by the Reorganized Debtor within thirty (30) days from the date of such request, the Reorganized Debtor may, at its option, withhold the amount required and distribute the balance to such Person or decline to make such distribution until the information is received.

13.07   Amendment of the Plan.   This Plan may be amended or modified by the Debtor before, or by the Reorganized Debtor after the Effective Date, as provided in § 1127 of the Bankruptcy Code.  The Plan may not be modified after Substantial Consummation.

13.08   Timing of Distributions.   When a provision of this Plan requires that a payment or distribution shall be made on a certain date, such payment may be made (i) at any time prior to the date on which such payment is due; (ii) in more frequent intervals than set forth in such provision of the Plan; or (iii) not more than 14 days after the date any such payment is due. Notwithstanding the foregoing and unless specifically set forth to the contrary in this Plan, no payment shall be considered late or otherwise result in a default unless the Reorganized Debtor has failed to make the payment after the passage of 30 days following the receipt by the Reorganized Debtor of a written notice advising that a payment has not been received in accordance with the times set forth in this paragraph.

13.09   Filing of Documents in Public Records.   Pursuant to § 1146 of the Bankruptcy Code, the issuance, transfer or exchange of a security or the making of an instrument of transfer under this Plan (including without limitation the filing of any mortgage, deed of trust, security agreement, uniform commercial code financing statement or other similar document) shall not be

Case 15-33794  Document 165  Filed in TXSB on 04/24/18  Page 67 of 77
Case 15-33794  Document 112  Filed in TXSB on 03/21/16  Page 24 of 25

Case 15-33794  Document 86  Filed in TXSB on 02/15/16  Page 20 of 21

taxed under any law imposing a stamp tax or similar tax. All state or local governmental officials or agents are hereby directed to forego the collection of any such tax or governmental assessment and to accept for Filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

13.10  Right to Seek Further Orders. The Reorganized Debtor, if and to the extent necessary, will seek such orders, judgments, injunctions, regulatory approvals, and rulings that may be required to carry out and further the intentions and purposes, and give full effect to the provisions, of the Plan.

13.11  Withdrawal of Plan. The Debtor reserves the right to withdraw this Plan at any time prior to the Confirmation Date. If the Debtor withdraws this Plan prior to the Confirmation Date, or if the Confirmation Date or the Effective Date does not occur, then this Plan shall be deemed null and void. In such event, nothing contained herein shall be deemed to constitute an admission, waiver or release of any Claims by or against the Debtor.

13.12  Due Authorization by Creditors. Each and every Creditor who elects to participate in the Distributions provided for herein (i) warrants that it is authorized to accept in consideration of its Claim against the Debtor the Distributions provided for in this Plan; (ii) states that there are no outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by it under this Plan; and (iii) indemnifies and holds harmless the Reorganized Debtor and their professionals and representatives with respect to such Distributions.

13.13  Filing of Additional Documentation. On or before the Effective Date, the Debtor may file with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.

13.14  Implementation. The Debtor and the Reorganized Debtor shall be authorized to perform all reasonable, necessary and authorized acts to consummate the terms and conditions of the Plan.

13.15  Substantial Consummation. On the Effective Date, the Plan shall be deemed to be substantially consummated under Bankruptcy Code §§ 1101 and 1127(b).

13.16  Dates. The provisions of Bankruptcy Rule 9006 shall govern the calculation of any dates or deadlines referenced in the Plan.

13.17  Governing Law. Except to the extent that the Bankruptcy Code or Bankruptcy Rules are applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Texas, without giving effect to any conflicts of law principles.

13.18  Conflict. Except as otherwise provided in the Plan, to the extent the Confirmation Order and/or this Plan are inconsistent with the Disclosure Statement, any other agreement entered into between the Debtor and any third party, the Plan controls, subject only to the Confirmation Order.

13.19  Severability. The provisions of this Plan shall not be severable unless such

Case 15-33794   Document 165   Filed in TXSB on 04/24/18   Page 68 of 77
Case 15-33794   Document 112   Filed in TXSB on 03/21/16   Page 25 of 25

Case 15-33794   Document 86   Filed in TXSB on 02/15/16   Page 21 of 21

severance is agreed to by the Debtor and such severance would constitute a permissible modification pursuant to 11 U.S.C. § 1127.

13.20   Setoffs.   The Reorganized Debtor may, but shall not be required to, set off against any Claims and the payments or Distributions to be made pursuant to the Plan in respect of such Claims, any and all debts, liabilities and claims of every kind, type and nature whatsoever that the Estate or the Reorganized Debtor may have against the Holder of any Claim, but neither the failure to do so nor the Allowance of any such Claims, whether pursuant to the Plan or otherwise, shall constitute a waiver or release by the Reorganized Debtor of any such claims it may have against the Holder of such Claim, and all such claims shall be reserved for and retained by the Reorganized Debtor.

13.21   Further Action.   Nothing contained in the Plan shall prevent the Reorganized Debtor from taking such actions as may be necessary to consummate the Plan, even though such actions may not specifically be provided for within the Plan.

DATED: February 15, 2016

___/s/ Stan Chapman_____
High Standard Manufacturing Co., Inc.
By:  Stan Chapman
Its: Vice President Administration

# Exhibit E

Exhibit E

**Beacher, Ronald S.**

---

| | |
|---|---|
| **From:** | Beacher, Ronald S. |
| **Sent:** | Sunday, March 18, 2018 11:45 AM |
| **To:** | Terrel Ross (tross@trcmllc.com); Josh Shlomowitz |
| **Cc:** | Beacher, Ronald S. |
| **Subject:** | FW: High Standard Bankruptcy |
| | |
| **Importance:** | High |

**From:** Beacher, Ronald S.
**Sent:** Sunday, March 18, 2018 11:30 AM
**To:** 'jjp@walkerandpatterson.com' <jjp@walkerandpatterson.com>
**Subject:** High Standard Bankruptcy
**Importance:** High

Mr. Patterson:

This office represents TRC. Under the Plan, unsecured creditors are to receive semi-annual distributions of at least 10% of their claims. TRC has not received any distributions since late 2016. That means that the 2 distributions that were supposed to be made in 2017 have not been paid. As set forth below, TRC has been inquiring about its distributions for quite some time. If the distributions are not received by TRC in 7 days, TRC intends to file a motion with the Court.

Ronald S. Beacher | Partner
PRYOR CASHMAN LLP
7 Times Square, New York, NY 10036-6569
Direct Dial: 212.326.0148 | Direct Fax: 212.515.6969
rbeacher@pryorcashman.com
www.pryorcashman.com

**From:** Josh Shlomowitz
**Sent:** Monday, February 26, 2018 12:52 PM
**To:** 'Johnie Patterson' <jjp@walkerandpatterson.com>
**Cc:** Terrel Ross <tross@trcmllc.com>
**Subject:** RE: High Standard
**Importance:** High

Johnie- we have been patient and haven't received any adequate response. If we don't hear by the close of business tomorrow that our 2 missing distributions are being processed for payment, we will be forced to have our outside counsel seek to reopen the case for the Debtors failure to fulfil their obligations under the plan.

I hope this matter can be resolved amicably and avoid us both a waste of time, energy and money.

Regards,

Josh Shlomowitz


**BE ADVISED**, TRC's demand for payment shall not be deemed an election of remedies or any limitation on any other rights or claims it has as a creditor or under applicable law. Nothing in the above email is intended, or is to be construed, as a waiver of rights to take further action against the Debtor.

```
Any potential offer is indicative only and subject to change.
All trades are subject to Buyers review and approval of the documentation supporting the
claim. Buyer will not be bound without written agreement signed by all parties.
```

**From:** Josh Shlomowitz
**Sent:** Tuesday, February 13, 2018 1:58 PM
**To:** 'Johnie Patterson' <jjp@walkerandpatterson.com>
**Subject:** RE: High Standard

Johnie- any update??

```
Any potential offer is indicative only and subject to change.
All trades are subject to Buyers review and approval of the documentation supporting the
claim. Buyer will not be bound without written agreement signed by all parties.
```

**From:** Josh Shlomowitz
**Sent:** Friday, February 09, 2018 11:42 AM
**To:** 'Johnie Patterson' <jjp@walkerandpatterson.com>
**Subject:** RE: High Standard

Johnie,

It's been a month and we still didn't receive an explanation why there hasn't been any more distributions. Management informed me that they will be compelled to reopen the bankruptcy case if we don't get a response.

I look forward to hearing from you.


Regards,

Josh Shlomowitz

```
Any potential offer is indicative only and subject to change.
All trades are subject to Buyers review and approval of the documentation supporting the
claim. Buyer will not be bound without written agreement signed by all parties.
```

**From:** Josh Shlomowitz
**Sent:** Tuesday, February 06, 2018 12:19 PM
**To:** 'Johnie Patterson' <jjp@walkerandpatterson.com>
**Subject:** RE: High Standard

Hi Johnie- where do we stand with this matter?

```
Any potential offer is indicative only and subject to change.
All trades are subject to Buyers review and approval of the documentation supporting the
claim. Buyer will not be bound without written agreement signed by all parties.
```

**From:** Josh Shlomowitz
**Sent:** Tuesday, January 16, 2018 12:36 PM
**To:** 'Johnie Patterson' <jjp@walkerandpatterson.com>
**Subject:** RE: High Standard

Good afternoon- any update with our claim?

```
Any potential offer is indicative only and subject to change.
All trades are subject to Buyers review and approval of the documentation supporting the
claim. Buyer will not be bound without written agreement signed by all parties.
```

**From:** Johnie Patterson [mailto:jjp@walkerandpatterson.com]
**Sent:** Wednesday, January 10, 2018 10:49 AM
**To:** Josh Shlomowitz <josh@trcmllc.com>
**Subject:** Re: High Standard

I will check and try and get back to you.

Jp

On Jan 10, 2018 9:44 AM, "Josh Shlomowitz" <josh@trcmllc.com> wrote:

Hi Johnie,


I hope all is well. TRC Master Fund (original creditor DC Machine) holds a prepetition  unsecured claim
against High Standard. We haven't received and subsequent distributions after the initial one in November of
2016.


Please advise if there have been any other distributions to our class and when to expect the next one.



Regards,


   **Josh Shlomowitz**

   **VP of Trading**

    TR Capital Management, LLC

100 Merrick Road, Suite 308E

Rockville Centre, NY 11570

**Direct:** 516.653.2475

**T:** 516.255.1801 **F:** 516.593.0818

e: josh@trcmllc.com

www.trcmllc.com

 **CAPITAL**
M A N A G E M E N T

Any potential offer is indicative only and subject to change.

All trades are subject to Buyers review and approval of the documentation supporting the claim.
Buyer will not be bound without written agreement signed by all parties.

THIS E-MAIL IS FOR THE SOLE USE OF THE INTENDED

RECIPIENT(S) AND MAY CONTAIN CONFIDENTIAL AND

PRIVILEGED INFORMATION.

ANY UNAUTHORIZED REVIEW, USE, DISCLOSURE OR

DISTRIBUTION IS PROHIBITED. IF YOU ARE NOT THE

INTENDED RECIPIENT, PLEASE CONTACT THE SENDER

BY REPLY E-MAIL AND DESTROY ALL COPIES

OF THE ORIGINAL E-MAIL.

# Exhibit F

*Exhibit "I"*

# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036   Tel: 212-421-4100   Fax: 212-326-0806

www.pryorcashman.com

**Ronald Beacher**
Partner

Direct Tel: (212) 326-0148
Direct Fax: (212) 515-6959
rbeacher@pryorcashman.com

**April 6, 2018**

BY FACSIMILE, E-MAIL AND FIRST CLASS MAIL

Johnie Patterson
Walker & Patterson, P.C.
PO Box 61301
Houston, Texas 77208-61301

Re:   High Standard Mfg. Co., Inc.

Dear Mr. Patterson:

This office represents TRC Master Fund LLC ("TRC"). As you know, TRC is the holder of a general unsecured claim in the amount of $61,992.50 (the "Claim") originally held by DC Machine. Both I and TRC have previously written to you regarding High Standard Mfg. Co., Inc.'s (the "Debtor") defaults under Debtor's Amended Chapter 11 Plan of Reorganization (the "Plan") with respect to distributions to be made under the Plan to TRC on account of the Claim.

As previously advised, TRC received the November 2016 distribution on account of the Claim. However, the Debtor has failed to make the 2 distributions in 2017 and the first distribution in 2018. Each distribution was to be at least 10% of the amount of the Claim. The arrears currently total at least $18,597.75

This letter shall constitute a notice of default under the Plan. Pursuant to the Plan, the Debtor has 14 days after the receipt of notice of default to (1) cure the alleged default or (2) provide written notice to the party asserting the default that the Debtor disputes the alleged default. Please be advised that if the Debtor fails to comply timely with the above, TRC intends to have Texas counsel file the attached draft Motion For Enforcement of Plan or to Convert to Chapter 7 with the Court . Please be guided accordingly

Very truly yours,

PRYOR CASHMAN LLP
/s/ Ronald S. Beacher
Ronald S. Beacher

1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HIGH STANDARD MFG.CO., INC., | Case No. 15-33794 |
| Debtor. | |

MOTION FOR ENFORCEMENT OF PLAN OR TO CONVERT TO CHAPTER 7

TRC Master Fund LLC ("TRC") hereby moves the above referenced Court to compel High Standard Mfg. Co., Inc. (the "Debtor") to comply with the provisions of the Debtor's Amended Chapter 11 Plan of Reorganization (the "Plan") or in the alternative, to convert the Debtor's Chapter 11 case to one under Chapter 7 of the Bankruptcy Code as follows.

1.     On July 16, 2015, the Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code and an Order for Relief was entered on that date.

2.     DC Machine held an unsecured claim against the Debtor in the amount of $61,992.50 (the "Claim").

3.     The Claim was listed on Schedule F of the Debtor's Bankruptcy Schedules in the amount of $61,992.50. The Claim was not listed as contingent, unliquidated or disputed. The Debtor's Bankruptcy Schedules were filed on the docket of the Debtor's bankruptcy case as document no. 13 on August 6, 2015.

4.     DC Machine assigned the Claim to TRC on February 2, 2016. A copy of the Transfer of Claim Other Than For Security and the Evidence of Transfer of Claim were filed on the docket of the Debtor's bankruptcy case as document no 74 on February 2, 2016.

5.     On February 15, 2016, the Debtor filed the Plan on the docket of the Debtor's

bankruptcy case as document no. 86.

6.     The Plan was confirmed by that certain Order Approving Disclosure Statement And Confirming First Amended Chapter 11 Plan of Reorganization which was entered on the docket of the Debtor's bankruptcy case as document no. 112 on March 21, 2016.

7.     Under the Plan, general unsecured claims are Class 4 Claims.

8.     The Plan provides that:

> Class 4 Claims will be paid over 60 months, without interest.
> Distributions shall be on at least a semi-annual basis in an
> amount equal to or greater than 10% of the Allowed Claim.
> Debtor retains the right to prepay any Class 4 Claim without penalty.

9.     TRC received a distribution in November 2016 on account of the Claim. However, TRC has not received any distributions thereafter (such distributions which should have been paid on account of the Claim under the Plan, but have not, the "Unpaid Distributions").

10.     Commencing on January 10, 2018 and thereafter, TRC wrote to the Debtor's counsel advising that TRC had not received any distributions on account of the Claim after November 2016.

11.     To date, TRC has not received the Unpaid Distributions. TRC calculates the Unpaid Distributions currently (2 unpaid distributions in 2017 and 1 unpaid distribution in 2018) as at least $18,597.75

12.     TRC respectfully requests that the Court compel the Debtor to pay the Unpaid Distributions to TRC or convert this case to one under Chapter 7 of the Bankruptcy Code and for such other and further relief as the Court deems proper.